OGDEN VS. THE STATE.

To sustain an indictment against a person charged as an accessary before the fact to the commission of a felony, it is necessary for the state to establish the guilt of the principal felon, as well as that the defendant was an accessary; and confessions of the principal that he committed the crime, are not admissible as evidence of his guilt, upon the trial of the accessary, such confessions being, as to the latter, only hearsay.

ERROR to the Circuit Court for *Portage* County.

The case is stated in the opinion of the court.

*Sessions & Reed* and *Geo. B. Smith*, for plaintiff in error.

*J. H. Howe*, Attorney General, for the state.

October 15.    *By the Court*, DIXON, C. J. The only point raised by the exceptions appears to the court clearly in favor of the prisoner. He was indicted under the provisions of sec. 2 of chap. 172 of the Revised Statutes, as for a substantive felony, being charged as an accessary before the fact to the crime of arson, said to have been committed by burning the barn of one John Bourcies in the county of Portage. This and the succeeding section are borrowed from section 9, chap. 64, of the English Statutes, 7 Geo. IV. It enacts that every person who shall counsel, hire, or otherwise procure, any offense to be committed, which shall be a felony, may be indicted and convicted as an accessary before the fact, either with the principal felon, or after the conviction of the principal felon, or he may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been convicted, or shall or shall not be amenable to justice, and in the last mentioned case, may be punished in the same manner as if convicted of being an accessary before the fact. Sidney Wright, who, it is alleged in the indictment, was the principal felon, had made his escape, and it does not appear that any indictment was ever preferred against him.

The felony is charged to have been committed by Wright on the 31st day of August, 1859. The only evidence offered on the trial, of the guilt of Wright, was his admissions made to Darius Dodd and Stiles Wheeler, two of the witnesses produced and sworn on the part of the state. Dodd testified that

he resided in the county of Portage, and knew Wright; that after the fire, and in the month of March, 1860, he had a conversation with him in relation to it, at the city of Dubuque, in the state of Iowa, and that Wright said he burned the barn by lighting matches and putting them in the straw in the night time. Wheeler testified that he saw Wright the next morning after the barn was burned, when he said, " he had better get out of this, that he had burned the barn." This was all the testimony offered concerning Wright's guilt or connection with the affair. To its reception proper objections and exceptions were taken by the prisoner.

It is very evident that upon this testimony the conviction cannot be sustained. In order to establish the guilt of *Ogden*, it was first incumbent on the prosecutor to prove the guilt of Wright as alleged in the indictment. This done, he must then prove that *Ogden* previously procured, hired, advised or commanded Wright to commit the felony. Both these facts must be established by competent evidence. Now, however the confessions of Wright, as to the first, might have been used against him, had he been indicted and put upon his trial, it is very evident that as against *Ogden* they were wholly inadmissible. As to him they were mere hearsay, and open to all the objections which exist to that kind of testimony. For however clearly it may have appeared that *Ogden* counseled and advised Wright to commit the offense, yet if Wright never did so in point of fact, and the barn was set on fire by some one else, or by other means, then *Ogden* was innocent of the crime with the commission of which he stood charged.

If such admissions were to be received, Wright, after the advice was given, but without having acted upon it, and being innocent, and believing that his personal safety would not thereby be endangered, might make them, from feelings of ill-will and hatred to *Ogden*, for the sole purpose of deceiving and misleading others, and betraying him into the conviction of an offense of which he knew him to be innocent. They were made privately, and without the sanction of an oath; the jury had not the advantage of observing his deportment, or the manner in which his statements

were made; no opportunity was afforded to ascertain whether he was friendly or hostile to the accused; he was subjected to no cross-examination, and his motives, means of knowledge and situation, could not be inquired into and exposed. For authorities on this question see 1 Russ. on Crimes, 8th American edition, page 43, and notes, and cases there cited.

The judgment of the circuit court is reversed, and a *venire de novo* awarded.