## THE PEOPLE v. MILTON STEVENS.

*Joint indictment—Individual plea—Proof.*

Where two are jointly indicted, and one on the trial of the two admits his own guilt, the admission has no force as evidence against his co-defendant.

Two men were jointly indicted and tried for a burglary. The theory of the prosecution was that one of them broke and entered the building while the other was present aiding and abetting. The one supposed to have broken and entered admitted his guilt on the trial. *Held,* that it was still necessary to give evidence as to the other which should cover the whole case.

Exceptions from Muskegon. Submitted October 26, 1881. Decided January 11, 1882.

INFORMATION for burglary. Respondent was convicted. Conviction set aside and new trial awarded.

Attorney General *Jacob J. Van Riper* for the People.

*F. W. Cook* for respondent. Admissions by one of several implicated in a common enterprise are not evidence against the others if made after its completion: *People v. Pitcher* 15 Mich. 404.

COOLEY, J. The defendant was informed against, jointly with one Lyons, for a statutory burglary alleged to have been committed in the shop of one Woodward in Whitehall. The two were put on trial together, but before the trial was completed Lyons fully admitted his own guilt in open court and offered to withdraw his plea of not guilty. As to Stevens, the theory of the prosecution was that he did not personally participate in the breaking, but was present outside, aiding and abetting while Lyons entered.

In his instructions to the jury the circuit judge made use of the following language: "About this man Lyons having been in there, there is no question, and I will instruct you that so far as he is concerned you will bring in a verdict of guilty; he has voluntarily confessed his guilt on the trial; then the fact of his pleading guilty will do away with the breaking and entering and all that. The only other question is whether it was an arranged plan between these parties that they were to go up there; in other words if you find that this man Lyons did actually go in there, and that Stevens knew all about it and went up there for the purpose of being a watch; * * * if you find he was there in that capacity, it is your duty to bring in a verdict of guilty; but this man Lyons having entered the building, the entry and breaking is complete; if this man was there aiding or abetting or doing anything in reference to this transaction, and you find that he knew about it, it is your duty to convict him."

If we do not misapprehend the view of the circuit judge, he was of the opinion, and intended that the jury should understand, that the confession of Lyons was an admission of the breaking and entering not only for himself but for Stevens also. This must be what he meant when he told

the jury that Lyons' pleading guilty "will do away with the breaking and entering and all that." He meant that it would dispense with the necessity for proof of the breaking and entering and all that, and narrow the controversy to the single point, whether Stevens was present, aiding and abetting. But in this the circuit judge was in grave error. Lyons could admit the crime for himself, but he could make no admissions for Stevens, even though they might relate to his own conduct. His admissions in court were as much hearsay when made in court as they would have been if made out of court; and it was necessary for the People to make the evidence against Stevens cover the whole case; as much so after the confession as before.

The circuit court must be advised that the exceptions are well taken and that the conviction should be set aside and a new trial awarded.

The other Justices concurred.