MARY VINCENT *vs.* THE MUTUAL RESERVE FUND LIFE ASSOCIATION.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where no objection was made at the time to the informal manner in which a question was presented for determination in the trial court, the objection cannot be made in this court on appeal.

A judgment dismissing an action upon a policy of life insurance solely because the suit was not brought within the time limited therefor in the policy, is not a bar to the further prosecution, upon its merits, of another action which was seasonably begun but erroneously stricken from the docket and subsequently restored thereto on a writ of error, since the issue or subject-matter in the two cases is not the same.

Although the plaintiff in an action upon a policy of life insurance must allege and ultimately prove the truthfulness of the statements contained in the application for the insurance, if denied by the answer, he is not obliged under our practice to prove at the outset more than a *prima facie* case, but may reserve for rebuttal the substantial portion of his evidence.

While the presumption of law that statements in an application for insurance are, under certain conditions, *prima facie* true, casts upon

the insurance company in such an action the duty of going forward with evidence tending to prove their untruthfulness, such presumption has no probative force or effect, and is not entitled to be weighed and considered with the evidence in the final determination of the issues of fact; and so much of *Barber's Appeal*, 63 Conn. 393, as attributes to presumptions of law the quality of probative matter is overruled.

The case of *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699, examined and distinguished.

Argued June 9th—decided October 7th, 1904.

ACTION to recover the amount of a policy of life insurance, brought to the Superior Court in New Haven County where the second defense was stricken out (*Thayer, J.*) upon motion, and the cause was afterwards tried to the jury before *Gager, J.*; verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial granted.*

*James H. Webb* and *Arnon A. Alling*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellee (plaintiff).

PRENTICE, J. This is the cause which was restored to the docket of the Superior Court upon the writ of error which was before us in *Vincent* v. *Mutual Reserve Fund Life Asso.*, 75 Conn. 650. The action was brought by the beneficiary named in a life insurance policy, to recover its amount. Upon its restoration the defendant pleaded two defenses. The first contained sundry admissions and denials, and an allegation of a breach of warranty in that the material fact of the age of the assured was misstated in the application, it being stated as fifty-six at her nearest birthday, whereas she was in fact, as alleged, more than sixty-five years of age at the time. To this defense the plaintiff replied, denying the alleged misstatement and thus raising the only issue of fact which became the subject of controversy in evidence.

The second defense set up in bar of the action a former judgment in favor of the defendant in an action between the same parties and for the same cause of action. The judg-

ment thus pleaded was that approved by this court in *Vincent* v. *Mutual Reserve Fund Life Asso.*, 74 Conn. 684. The plaintiff thereupon filed a motion that the defendant be enjoined from pleading or making use of this defense. The motion set out that the present suit, begun March 2d, 1901, was upon the defendant's motion erased from the docket for want of an *ad damnum* clause; that thereafter, on May 21st, 1901, the plaintiff began another action to recover upon said policy, the same having been commenced more than one year after the death of the assured and after the time limited in said policy within which a suit could be maintained thereon; that the complaint in said action set forth reasons which the plaintiff believed were sufficient to avoid the effect of said provision limiting the time within which action could be brought; that the defendant thereupon demurred to said complaint solely on the ground that the suit had been brought too late; that the court sustained said demurrer and dismissed the complaint solely upon the ground stated, and did not dismiss it for any reason involved in the merits of the case; and that the plaintiff thereupon brought her writ of error in said first (the present) case, upon which it was held that it was improperly stricken from the docket, and as the result of which it was restored thereto. It concluded with the averments that " the just merits of her case were never heard or passed upon in said second case, nor were the matters in issue in that case, now involved in this case, ever heard or passed upon, and that the sole question involved in said second case was whether said second case was brought within the time within which the plaintiff might bring her case upon this policy of insurance ; " and that to allow said judgment to be pleaded in said second case or used to defeat it would, under the circumstances, be inequitable and unjust, and a prayer that the defense be stricken from the docket and that the defendant and its attorneys be permanently enjoined from pleading or using said judgment in any way in defense or bar to the action, or offering it in evidence upon the trial thereof. The parties having been heard thereon, the motion was granted. The issue of fact under

the first defense was subsequently determined by a jury in favor of the plaintiff, who thereupon had judgment for the amount of the policy.

We have no occasion to consider the objection which is now made to the regularity of the proceedings recited, as the result of which the second defense was eliminated, since it comes too late. No objection was made at the time of the court's action, and both parties by their conduct concurred in inviting the court to determine, in the informal manner which was pursued, the important question as to whether the former judgment, rendered under the circumstances recited in the motion, was one which could be successfully pleaded in bar of the pending action, or used to defeat it. The allegations of the motion were either accepted as true, upon the theory that the facts being upon the records of the court it could take judicial notice of them, or admitted by implication or verbal statement, and a decision asked. The plaintiff cannot, therefore, be heard to complain with respect to the course pursued, and can only take advantage of some error involved in the court's conclusion upon the question of *res judicata* thus presented.

The court correctly held that the former judgment constituted no bar. All that the former case decided was that the plaintiff had no right of action at the time that suit was begun. It was not decided that she had no such right when the present action was commenced. The latter question was not put in issue nor involved in any issue, since the only issue in the case arose out of the condition in the policy as to the time within which action thereon should be commenced. It is frequently said that to constitute a former judgment a bar or estoppel in a pending action, there must co-exist in the two cases four identities : (1) of subject-matter, (2) of cause of action, (3) of persons and parties, and (4) of the quality in the persons for or against whom the claim is made. *Lyon* v. *Perin & Gaff Mfg. Co.*, 125 U. S. 698.; *Mershon* v. *Williams*, 63 N. J. L. 398. This rule has been criticized as not strictly accurate as applied to all situations, and the suggestion made that the statement would be more

comprehensive if for the first two identities named was substituted that of "issues." 2 Black on Judg., § 610; *Betts* v. *Starr*, 5 Conn. 550. As applied to the present situation, possibly the one rule is as satisfactory as the other; both certainly lead to the same conclusion. The second defense avers an identity in the causes of action. The subject of both actions was undoubtedly the same; the object of both, that is, the relief sought, was also the same; but the causes of action were not identical. "'Cause of action' has been held from the earliest time to mean every fact which is material to be proved to entitle the plaintiff to succeed,— every fact which the defendant would have a right to traverse." *Cooke* v. *Gill*, L. R. 8 C. P. 107, 116. It is "all the facts which together constitute the plaintiffs' right to maintain the action." *Allhusen* v. *Malgarejo*, L. R. 3 Q. B. 340, 343. See also *Wildman* v. *Wildman*, 70 Conn. 700. The plaintiff's second case involved a fact arising out of the contract sued upon, which was in addition to any in the original case. It was the issue of law which was framed by reason of the allegations disclosing this fact, and attempting to evade its natural consequences, which, and which alone, proved fatal to the maintenance of the action. The issuable facts in the two cases were therefore not the same, and the issues framed upon them not the same. It is an accepted principle—the necessary corollary of those already discussed—that an estoppel by judgment extends only to the facts as they were at the time judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; that when new facts intervene before the second suit, furnishing a new basis for the claims and defenses of the parties, the issues are no longer the same, and that consequently a judgment in the first action cannot be invoked as an estoppel in the second. 2 Black on Judg., § 609; *Ingraham* v. *Camden & Rockland Water Co.*, 82 Me. 335; *Kent* v. *Gerrish*, 18 Pick. 564; *Mershon* v. *Williams*, 63 N. J. L. 398; *Smith* v. *McCluskey*, 45 Barb. 610. The present case presents the more unusual converse situation, to which the converse of the rule stated must logically and necessarily

apply. The plaintiff has never had her claimed right of action arising out of the issuance of the policy, the alleged compliance by the assured with all the conditions thereof, and the death of the assured, adjudicated. She was originally entitled to have such an adjudication in the present action, which was seasonably instituted, and she ought to be, and is still, so entitled, notwithstanding it may have been adjudged that she had no right by virtue of a stipulation in the policy to maintain an action thereon begun more than one year after the assured's death.

Upon the trial to the jury of the issues of fact raised by the first defense, the plaintiff offered the policy of insurance, the certificate of death of the assured, the proofs of death and loss, and evidence showing the plaintiff's insurable interest, and rested. The defendant then offered the application, which by the terms of the policy was made a part of it, and evidence tending to show that the assured's age at its date was many years more than fifty-six at her nearest birthday, which was the statement of the application. The plaintiff in rebuttal offered testimony tending to show that the assured's age was as stated, which was admitted notwithstanding the defendant's objection that this testimony was not proper evidence in rebuttal. It is objected that the admission was not made in the exercise of the court's discretion, but as of evidence to which the plaintiff was legally entitled. If this be conceded, there was no error.

The defendant's contention is based upon mistaken conclusions drawn from the rulings of this court in *Hennessy* v. *Metropolitan Life Ins. Co.*, 74 Conn. 699. In that case we held, in an action to recover upon a policy of insurance, that the plaintiff, who by the terms of the policy is obliged to allege compliance with conditions precedent to his right to maintain an action, was, in case of a denial, bound to prove his averments. The burden of proof as to such allegations, it was said, was upon him. The burden thus cast upon the plaintiff in such cases, as the context clearly shows, is that of ultimately establishing the proposition as-

serted by the requisite amount of proof; that is, the burden
of proof in the sense first described in *Baxter* v. *Camp*, 71
Conn. 245, 252. The *Hennessy* case further held that, al-
though the plaintiff was under this burden, it did not follow
that affirmative evidence other than the insurance contract,
the declarations of the deceased assured contained in the ap-
plication, upon the strength of which the contract was
entered into, and the payment and receipt of premiums, must
necessarily be produced to meet a denial,—that a presump-
tion arising from the declarations·in the application so made
and acted upon, might, in the absence of countervailing
proof, suffice to support the plaintiff's averment. Upon the
subject of the order of proof the case is silent, save as it
may speak by inference from what has been recited. The
defendant's claim is, that as it was decided that the burden
of proof as to the allegation of the complaint that the as-
sured "duly fulfilled all the conditions of said insurance on
her part" rested upon the plaintiff, it follows that she was
under the duty, in the opening of her case, of introducing
all the evidence upon which she relied to establish her claim,
and could not go into half her case and reserve the remain-
der for rebuttal. *Hathaway* v. *Hemingway*, 20 Conn. 191;
*Belden* v. *Allen*, 61 id. 173. The rule of practice referred
to, while the general, is by no means the universal, one, as
witness the approved practice in criminal causes where the
defense of insanity is interposed, and in appeals from the
probate of wills where the mental soundness of the testator
is put in issue. In the first class of cases the State, and in
the second the proponents, upon each of whom the bur-
den of proving mental capacity rests, simply establish a
*prima facie* case and reserve the substantial portion of their
proof for the rebuttal of any opposing testimony. This
*prima facie* case is made out in the one class of cases by
force of a presumption or rule of law in favor of sanity; in
the other the same presumption, either alone or in con-
nection with the testimony of such of the subscribing wit-
nesses as may be alive and obtainable, serves the same pur-
pose. *State* v. *Hoyt*, 46 Conn. 330; *State* v. *Lee*, 69 id.

186, 199; *Knox's Appeal*, 26 id. 20, 22; *Barber's Appeal*, 63 id. 393, 402. The case of *State* v. *Lee, supra*, well illustrates another application of this exceptional rule of practice, and is instructive as containing a clear exposition of the use of a legal presumption to establish *prima facie* the truth of an essential allegation in the pleadings. The practice thus illustrated, and the use thus made of presumptions of law as supplying the place of evidence and furnishing that upon which a party who has imposed upon him the ultimate burden of proof may found a *prima facie* case and, in the absence of countervailing proof, rest his case, finds another example in the present situation.

" Presumptions are aids to reasoning and argumentation, which assume the truth of certain matters for the purpose of some given inquiry. They may be grounded on general experience, or probability of any kind ; or merely on policy and convenience. On whatever basis they rest, they operate in advance of argument or evidence, or irrespective of it, by taking something for granted; by assuming its existence. When the term is legitimately applied it designates a rule or proposition which still leaves open to further inquiry the matter thus assumed. The exact scope and operation of these *prima facie* assumptions are to cast upon the party against whom they operate, the duty of going forward, in argument or evidence, on the particular point to which they relate." Thayer's Preliminary Treatise on Evidence, 314. " A legal presumption is a rule of law—a reasonable principle, or an arbitrary dogma—declared by the court." *Lisbon* v. *Lyman.* 49 N. H. 553, 563. Wigmore in his valuable notes to the 16th edition of Greenleaf on Evidence, Vol. 1, p. 107, after saying that presumptions of law are the only true presumptions, adds : " A presumption . . . . is in its characteristic features a rule of law laid down by the judge and attaching to one evidentiary fact certain consequences as to the production of evidence by the opponent. They are based, in their policy, upon the probative strength, as a matter of reasoning and inference, of the evidentiary fact; but the presumption is not the fact itself nor the inference it-

self, but the legal consequence attached to it. The legal consequence removed, the inference, as a matter of reasoning, may still remain."

In the *Hennessy* case this court took cognizance of a deduction or inference drawn from general experience, and, for purposes of policy and convenience in the trial of causes, founded upon it—or rather recognized as founded upon it—a rule of law designed to serve the useful purpose of such rules, or presumptions as they are more commonly called, in determining the duty of parties in the production of evidence. In order that this purpose may be accomplished it is necessary that the plaintiff be permitted, in the order of his proof, to rest upon the presumption, and reserve for rebuttal the substantial portion of his proof, if he shall need to use it. In this way what would otherwise be an unnecessarily heavy burden upon him, needlessly protracting the trial, is alleviated, and a result in consonance with justice, policy and convenience achieved.

In its charge the court said : " The law is so that there is a natural presumption of fact in favor of the truth of solemn acts and declarations of one since dead, in entering into a contract of this peculiar description under which as policy has been issued and premiums paid, and in the absence of countervailing proof the jury is justified in taking this presumption into consideration as tending to support the plaintiff's case. That is not evidence, but may supply the want of evidence. So that if the jury find that the other evidence with regard to Mrs. Murphy's age either preponderates in favor of the plaintiff, or, if it is evenly balanced, this presumption of fact in favor of these solemn acts and declarations which were entered into by Mrs. Murphy at the time the policy was applied for, might be sufficient to turn the balance in favor of the plaintiff and render the plaintiff entitled to a verdict."

The first portion of these instructions was substantially quoted from the opinion of this court in the *Hennessy* case, and is a correct statement of the law as applied to the circumstances recited, which, however, were not those of the

case upon trial. The remainder of the citation embodies a statement of the consequences of these principles as applied to the situation before the jury. This statement involves and is based upon the proposition that the presumption referred to was one to which should be given probative effect, that it was "something capable of being weighed in the scales of reason and compared and estimated with other matter of the probative sort." The court doubtless relied for its authority for its instructions upon the statement of this court in *Barber's Appeal*, 63 Conn. 393. In that case it was said that the presumption of law in favor of mental capacity was of probative force in favor of the proponents of a will ; and in *Sturdevant's Appeal*, 71 Conn. 392, that proposition was accepted as expressing the established rule of this jurisdiction. In the view thus expressed the court has had the support of high authority. *Coffin* v. *United States*, 156 U. S. 432 ; Greenleaf on Evidence (earlier editions), § 34. The decision of the case last cited, which was subsequent to that of *Barber's Appeal*, called forth from Prof. Thayer a dissent so vigorous, and an elucidation of the nature and office of legal presumptions so convincing, that concurrence with his view is compelled. His conclusions were by no means novel. *Lisbon* v. *Lyman*, 49 N. H. 553. His discussion, however, was so clear and exhaustive that it served to bring out into clear light the error involved in the principle he combatted. Thayer's Preliminary Treatise on Evidence, pp. 313, 539, 551.

We are now asked to approve the logical extension of the proposition enunciated in *Barber's Appeal* to new conditions. We are unwilling to do so and thus commit ourselves to still other extensions, which must in reason follow, of what we regard as an unsound principle and one which might easily become fruitful of unjust consequences. The facts which furnish the foundation of the presumption in question are entitled to count as evidence, and all fair inferences therefrom may be drawn ; but the rule of law which gives to them an additional artificial effect may not be regarded as either contributing evidence or possessing probative quality.

So much of the opinion in *Barber's Appeal*, 63 Conn. 393, as attributes to presumptions of law the quality of probative matter, entitling them to be weighed and estimated in connection with the evidence in the final determination of issues of fact, is overruled.

That the view expressed in *Barber's Appeal* has not claimed our unqualified concurrence was clearly indicated in *State* v. *Smith*, 65 Conn. 283, where, as applied to the legal presumption of innocence, it was repudiated, and views in harmony with those later elaborated by Prof. Thayer expressed. The former case was not overruled, but the unwillingness of the court to extend its application was plainly shown in the following unmistakable language : " The ' presumption of innocence ' casts the burden of proving guilt upon the State, a burden requiring for its discharge sufficient evidence to remove all reasonable doubt. It cannot add an additional burden to this. Its function is exhausted in putting such burden of proof upon the State. It has no weight as evidence in the trial. It calls for evidence from the State, but is not itself evidence for the accused."

The other questions raised by the appeal do not in view of our disposition of the case call for decision.

There is error and a new trial is granted.

In this opinion the other judges concurred.