STATE OF UTAH, Respondent, v. ALEXANDER JUSTESEN, Appellant.

No. 1963.   Decided January 12, 1909 (99 Pac. 456).

1. PERJURY—EVIDENCE—RECORD OF CAUSE IN WHICH PERJURY WAS COMMITTED—ADMISSABILITY. On a trial for perjury the record of the cause in which the alleged perjury was committed is admissible to show the jurisdiction of the court, the regularity of the proceedings, and the materiality of the alleged perjured testimony, but the record cannot be considered as proof of perjury. (Page 108.)

2. PERJURY—EVIDENCE—INSTRUCTIONS. The court on a trial for perjury must charge that the record of the cause in which the perjury was committed was received in evidence only to show the jurisdiction of the court, the regularity of the proceedings, and the materiality of the perjured testimony. (Page 108.)

3. CRIMINAL LAW—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE. On a trial for subornation of perjury, the error in receiving in evidence, the demurrers to the complaint and answer in the action in which the perjury was committed was not prejudicial to accused. (Page 108.)

4. CRIMINAL LAW—HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE. The admission of immaterial evidence is no ground for reversal of a judgment of conviction, unless the evidence tends in some way to prejudice the rights of accused. (Page 108.)

5. PERJURY—SUBORNATION OF PERJURY—NATURE OF OFFENSES. Perjury and subornation of perjury are separate and distinct offenses, and one charged with subornation of perjury is not an accessory of the one committing the perjury. (Page 109.)

6. CRIMINAL LAW—EVIDENCE—ACTS OF CONSPIRATORS—ADMISSIBILITY. Where two or more persons conspire together to commit a crime, and either accomplish or abandon their design, no one

of them can by a subsequent act or declaration affect his co-conspirator, and his confession subsequently made, though by the plea of guilty, is not admissible in evidence as such against the co-conspirator. (Page 109.)

7. PERJURY—SUBORNATION OF PERJURY—EVIDENCE — ADMISSIBILITY. On a trial for subornation of perjury, the record of the plea of guilty of perjury by the person alleged to have been procured to commit the perjury is inadmissible. (Page 109.)

APPEAL from District Court, Seventh District. *Hon. Ferdinand Erickson,* Judge.

Defendant convicted of subornation of perjury appeals.

REVERSED AND REMANDED FOR A NEW TRIAL.

*Jacob Johnson* and *G. A. Iverson* for appellant.

*M. A. Breeden,* Attorney-General, and *A. R. Barnes,* Assistant Attorney-General, for respondent.

McCARTY, J.

The appellant was convicted of the crime of suborna-tion of perjury. The information, so far as material here, alleged that on and prior to the 4th day of June, 1907, a certain action was pending before the district court of Sanpete county, this State, wherein one Jacob Johnson was plaintiff and one Niels Peter Nielson was defendant, "and in which case the issues were as to whether certain notes executed by the said Niels Peter Nielson to the order of Alexander Justesen, the defendant herein, and to him, the said Alexander Justesen, delivered, were fraudulently retained and sold by the said Alexander Justesen, and whether the purchaser of the said notes from the said Alexander Justesen, viz., Jacob Johnson, was a purchaser in good faith, and without notice of anything that would vitiate the said notes in the hands of the said Alexander Justesen. . . . That on or about the 7th day of June, 1907, at Manti, Sanpete county, State of Utah, . . at

a term of said court, the said cause and issue came on to be and was tried before said court . . . in said cause between the said Jacob Johnson as plaintiff and Niels Peter Nielson as defendant," and that the said Alexander Justesen did suborn and procure one James Larson to then and there swear falsely in said cause, as follows: "Mr. Nielson [meaning thereby Niels Peter Nielson] called me off to one side, by the fence. He [meaning thereby the said Niels Peter Nielson] says, (addressing him, the said Larson): 'Are you a friend of Mrs. Justesen?' I says: 'Yes, sir.' 'Well,' he says, 'she is a witness of mine here.' He said: 'Do you want to make some easy money?' I says: 'According to what it is.' 'Well,' he says, 'I will give you $500 if you will get up and swear that Alexander Justesen told you he would tear my notes up.' I says: 'I wouldn't do nothing of the kind for you nor no other man.' That is all the conversation I had with him." It is further alleged that both James Larson and Alexander Justesen knew that said testimony was false, and that the said Niels Peter Nielson never at any time or place had any conversation whatever with the said Larson in relation to said matter, and never at any time or at all offered to give Larson $500, or any sum, or anything, if he Larson, would testify that Alexander Justesen told him that he would tear up the notes mentioned. As a part of the State's case, the district attorney introduced in evidence the pleading and certain minute entries in the case of Jacob Johnson v. Niels Peter Nielson, in which case it is claimed the alleged perjury was committed. Defendant objected to the admission in evidence of the defendant's demurrer to the complaint and plaintiff's demurrer to the answer in said action on the ground that the demurrers were incompetent and irrelevant, and did not tend to prove any fact at issue in the case at bar. The action of the court in overruling the objection is assigned as error.

The authorities uniformly hold that in a trial for perjury the record of the case in which it is alleged the perjury

was committed is admissible in evidence for the purpose of showing the jurisdiction of the court, the regularity of the proceedings, and the materiality of the alleged perjured testimony and that it is the duty of the court to so limit and restrict its use. But under no circumstances can the record be considered by the jury as proof of perjury. The following are a few of the many authorities that adhere to this doctrine: Wharton, Crim. Ev., 602; Underhill, Crim. Ev., p. 52; 9 Ency. Ev., 758; *State v. Brown,* 111 La. 171, 35 South. 501; *People v. Macard,* 109 Mich. 628, 67 N. W. 968; *Smith v. State,* 103 Ala. 57, 15 South. 866; *Higgenbotham v. State,* 24 Tex. App. 505, 6 S. W. 201. And, while it may be conceded that the demurrers referred to presented no issue upon which a charge of perjury could be predicated and were therefore wholly irrelevant to any issue in the case and should have been excluded, yet we fail to see in what way the admission of them in evidence prejudiced the defendant. The admission of the immaterial evidence, unless it in some way tends to prejudice the rights of the party litigant against whom it is offered, is no ground for reversing a judgment. This rule has so often been declared that we deem it unnecessary to cite authorities in support of it.

The next assignment of error presents a more serious question. The district attorney offered in evidence the information in the case of the *State of Utah v. James Larson,* wherein Larson is charged with the same perjury upon which the defendant is charged with having procured or suborned. Upon objections being made by defendant's counsel to the admission of this evidence, the district attorney, in the presence and hearing of the jury, addressed the court as follows: "We simply want to show that he [referring to Larson] was arraigned on the information, that he appeared in court, and that he pleaded guilty to it." The objection was overruled, and the information read to the jury. The minute entries showing the arraignment of Larson and his plea of guilty were also admitted in evidence.

Timely objections were made and exceptions taken to this evidence. Defendant insists that this record was inadmissible for the reason that he was not a party to it, and that it was therefore incompetent to prove any fact against him. On the other hand, it is contended on behalf of the State that, Larson having been convicted of perjury, the record of his conviction, including his plea of guilty, was admissible under the theory that Justesen was an accessory before the fact of the perjury committed by Larson.

The authorities seem to hold that, where an accessory is brought to trial after the principal has been tried and convicted, the record of conviction is *prima facie* proof of the principal's guilt, and that the crime charged has been committed, and is admissible to show those facts. Such record, however, cannot be received as evidence of the guilt of the party on trial. But Justesen is not an accessory. (*United States v. Thompson* (C. C.), 31 Fed. 331.) He is charged with having committed the crime of subornation of perjury, which is a separate and distict offense from that of perjury. Therefore no part of the record of Larson's conviction was competent for any purpose, and should have been excluded. The record of Larson's plea of guilty to the information charging him with perjury, and the statement by the district attorney with reference thereto, were especially prejudicial, and the objections made to them should have been sustained. The rule is elementary that where two or more persons have joined or conspired together to commit a crime, and have either accomplished or abandoned their common design, no one of them can by the subsequent act or declaration of his own affect his coconspirators. "His confession, therefore, subsequently made, even though by the plea of guilty, is not admissible in evidence as such against any but himself." (1 Greenl. Ev., 233.) See, also, Wharton, Crim. Ev., 699; *People v. Farrell,* 11 Utah 419, 40 Pac. 703; 6 A. & E. Enc. Law (2 Ed.), 571, 572. In this case the confession of Larson was made long after it is claimed that the sub-

ornation of perjury was committed. Therefore its admission as evidence against Justesen was under all the authorities reversible error.

The judgment of the lower court is reversed, and the cause remanded for a new trial.

STRAUP, C. J., and FRICK, J., concur.