THE STATE OF CONNECTICUT *vs.* BIAGIO GARGANO.

Third Judicial District, Bridgeport, April Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A verdict will be set aside only when it works manifest injustice, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice or partiality.

In a criminal case, the accused is not entitled to the benefit of a possible, as distinguished from a reasonable, hypothesis or supposition of innocence; and where the jury, acting in a way that does not plainly and palpably show manifest injustice, have found the evidence inconsistent with a reasonable hypothesis of innocence, the verdict is not to be set aside because of a possible supposition of innocence.

A recital of the facts claimed to have been proved in a trial to the jury, will not be corrected by this court merely to secure a meticulous accuracy as to details, nor to show a lack of proof in relation to a claim that the verdict was contrary to the evidence. A correction of such recital will be made only when it is reasonably necessary in order to fairly present a claimed error in law made by the trial court.

A plea of guilty by one person, or the record of his conviction under such a plea, does not establish the fact that such crime was committed, as against any other person, and is not admissible for such purpose.

A presumption of law imputes a prima facie significance or operation to a certain fact, thus throwing upon the party against whom it works the duty of going forward with the evidence; but it is not itself evidence and it has no probative force.

In the prosecution of an accessory at common law, proof of the previous conviction of the principal of the crime charged gave rise to a presumption of law that the crime had been committed, which, however, was not itself evidence, but only cast upon the accessory the burden of going forward on that particular issue if he desired to contest it, but it did not relieve the State of the burden of proof which rests on it throughout to establish the crime charged; and such proof obviously is no longer pertinent even for such limited purpose against one charged as principal under our statute, § 6716, which practically does away with accessories and makes every person who aids and assists in the commission of a crime a principal.

The defendant was charged, jointly with others, with robbery with violence, and also, in another count, with conspiracy to commit

robbery. At his trial the State was allowed to introduce the pleas of guilty of certain of the others to the crimes charged, to establish the fact of robbery, as an element in the proof of the guilt of the accused under both counts. *Held* that the court committed prejudicial error in receiving this evidence; and that this error was not rendered harmless by the later admission of the accused that the crime of robbery was in fact committed, since the plea of guilty was in effect a declaration that the accused had conspired with them to commit the robbery, a fact not conceded by his admission.

The State, claiming to be surprised by the attitude of a witness, obtained permission to, and did, cross-examine him. *Held* that the matter was one within the court's discretion, which was not abused.

In this State a conspiracy to commit a crime is not merged in the crime committed pursuant to the agreement.

Argued April 10th; reargued June 15th; decided June 22d, 1923.

INFORMATION in two counts charging, first, robbery with violence, and, second, conspiracy to commit robbery with personal abuse, brought to the Superior Court in New Haven County and tried to the jury before *Avery, J.;* verdict of guilty, which the trial court adjudged should apply to the first count only, and appeal by the accused after sentence thereon. *Error and new trial ordered.*

*Samuel Campner,* with whom, on the brief, were *Rocco Ierardi* and *Samuel Markle,* for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, with whom, on the brief, was *Walter M. Pickett,* Assistant State's Attorney, for the appellee (the State).

CURTIS, J. The first reason of appeal alleges that the court erred in denying the defendant's motion to set aside the verdict. The defendant claims that under the evidence the jury could not reasonably have found that the guilt of the accused was proved beyond a reasonable doubt.

We have held repeatedly that a verdict should be set aside "'only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality.'" *State* v. *Buxton,* 79 Conn. 477, 480, 65 Atl. 957; *State* v. *Schutte,* 97 Conn. 462, 464, 117 Atl. 508. The defendant also states his claim in these terms: "Under the evidence the jury could not reasonably have found that the evidence was inconsistent with a reasonable hypothesis or supposition that the accused was innocent." This, of course, is merely another way of saying that the guilt of the accused was not proved beyond a reasonable doubt. *State* v. *Rome,* 64 Conn. 329, 30 Atl. 57; *State* v. *Block,* 87 Conn. 573, 579, 89 Atl. 167. The defendant's claim, in substance, is that the facts which the State claims to have proved do not directly show the guilt of the accused, but must be supplemented by inferences of other facts drawn from the facts proved, in order to connect the accused as a participator in the crimes charged; and that it is possible to infer from such facts that the accused was not a participator in the commission of the crimes charged, and hence that there is a possible hypothesis or supposition of the innocence of the accused.

The defendant fails to recognize that under the evidence in a case, a possible hypothesis or supposition of innocence is a far different thing from a reasonable hypothesis or supposition of innocence. The jury have found that the evidence in this case is not consistent with a reasonable hypothesis or supposition that the defendant was innocent. We have carefully examined the record and do not find

that it is plain and palpable that manifest injustice has been done by the verdict. We are satisfied that the jury could have reasonably found that the guilt of the accused was proved beyond a reasonable doubt.

The defendant in his appeal seeks to have the finding corrected in numerous particulars. He claims that seven paragraphs of the finding should be stricken out because found without evidence, and that eleven paragraphs of the defendant's draft-finding should be added to the finding. In passing upon these claims we are dealing with a finding in a jury trial, where the finding merely sets forth the facts claimed to have been proved, either by direct evidence or by inferences from circumstantial evidence so-called, and is not an absolute settlement of the ultimate facts. Under General Statutes, § 5829, such a finding can be corrected by us. But such a finding will not be corrected by this court merely to secure a meticulous accuracy as to details in the claims of proof. Nor for the purpose, as is here sought in certain particulars, of setting forth in the finding that there was no evidence "tending to prove certain facts." The finding will not be corrected in relation to a claim that the verdict was contrary to the evidence. Such a claim must find its support in the evidence, and not in the finding. The finding, in the case of a jury trial, will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court. Ordinarily the errors claimed relate to the charge, or to rulings upon the admission of evidence, or to the ruling of the court upon some motion made upon the trial. Turning to the claimed errors of the court as to the charge, and as to the rulings of the court upon the admission of evidence, and to the ruling upon a motion made upon the trial, we find that a fair presentation of

the errors claimed does not require any of the changes in the finding sought by the defendant. The question of the correction of the finding as sought by the defendant requires, therefore, no further consideration, and those grounds of appeal cannot be sustained.

The information, under which the defendant was tried, charged Salvatore Santaniello, Roberto Santaniello, Raffaele Cipolla, Antonio Ruggiero *alias* Antonio Barese, Alberto Esposito, Armando Ruggiero, Nunzio Straiano *alias* Frank Straiano, Lorenzo D'Amore, and the defendant, in the first count, with the commission of the crime of robbery with violence, and also, in a second count, with a conspiracy to commit that crime. Prior to the trial of the defendant, Salvatore and Roberto Santaniello, Raffaele Cipolla, Alberto Esposito, and Antonio Ruggiero *alias* Antonio Barese, plead guilty to the offenses charged in the information. Upon the trial of the defendant the State offered in evidence the record of the conviction of the above parties upon their pleas of guilty to the crimes charged in the information, under which the accused was put upon trial, for the purpose of establishing that the crime of robbery was in fact committed at the place and time stated in the information. The object of the State was to establish that this crime was committed, as an element in the proof of the guilt of the accused under both counts. The pleas of guilty of certain of those persons jointly charged in an information with the commission of a crime, are, in effect, merely confessions or statements by those parties that they committed such crimes. The fact that they pleaded guilty, or the record of such pleas, is not admissible upon the trial of another person jointly charged with the commission of the same crimes. The plea of guilty by, or the conviction of, one person of the commission of a crime, or a

record of such plea, does not establish the fact that such crime was committed as against any other person, and is not admissible as tending to prove such fact. *Rex* v. *Turner*, 1 Moody's Crown Cases, 347; *McKenna* v. *Whipple*, 97 Conn. 695, 701, 118 Atl. 40; *State* v. *Justesen*, 35 Utah, 105, 99 Pac. 456; *State* v. *Bowker*, 26 Ore. 309, 39 Pac. 124. The confession involved in a plea of guilty in court by one charged with a crime, is as much hearsay as if the confession were made out of court. It is necessary for the State to prove the whole case against any accused, in spite of a confession by plea of guilty by one jointly charged with the accused. *People* v. *Stevens*, 47 Mich. 411, 11 N. W. 220.

It is true that a presumption of law, like that of sanity, may throw upon an accused the duty of going forward with the evidence upon an essential element of the crime, but the burden of proving it, imposed by law upon the State, "rests upon the State and remains upon it throughout the trial." When such a presumption of law exists, the State may, in the first instance, and until evidence to the contrary is introduced by the defendant, rest upon the presumption, just as it might upon evidence sufficient to make out a prima facie case. *State* v. *Lee*, 69 Conn. 198, 199, 37 Atl. 75. But such presumption is not evidence and has no probative force. *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 290, 58 Atl. 963.

The State claims that the case of *State* v. *Wakefield*, 88 Conn. 164, 90 Atl. 230, establishes the law in this State to the effect that where in the criminal trial of one person, the commission of a certain crime is a relevant fact, it may be proved by the record of the conviction or plea of guilty of another for such crime. The opinion of this court in that case does not contain such a ruling. The question of the admission of the con-

fession or plea of Plew in that case, was never raised in the lower court, or in this court. We say, on page 170 of that opinion: "In the strict sense there was no testimony or confession by Plew before the jury."

In a criminal prosecution of an accessory as such, at common law it was necessary to allege and prove the offense of a definite principal, and his conviction. The necessity for these common-law requirements in a criminal prosecution of an accessory has been done away with by express statutory provision, and every person who aids and assists in the commission of a crime, is made a principal. General Statutes, § 6716; *State* v. *Grady,* 34 Conn. 118, 131; *State* v. *Hamlin,* 47 Conn. 95, 118; *State* v. *Scott,* 80 Conn. 317, 323, 68 Atl. 258. Therefore precedents as to the evidence admissible in support of the allegations required in the prosecution at common law of an accessory, as such, are not necessarily pertinent in a prosecution of a principal in a criminal proceeding in which such allegations are not required. In the common-law prosecution of an accessory as such, where the conviction of the principal was an essential element of the crime, the procedure followed in this State is thus stated in the Revision of Swift's Digest, 2d Vol., page 390: "In the indictment of an accessory alone, after the conviction of the principal, it is not necessary to aver that the latter committed the felony, or at the trial to enter into a detail of the evidence adduced against him, but it is sufficient to recite with certainty the record of the conviction, because the court will presume everything on the former trial to be rightly and properly transacted; but this presumption must give way to positive evidence of the innocence of the principal, which it is competent for the supposed accessory to produce." This procedure, outlined by Swift, is a typical case of the use by the law of a pre-

sumption of law to shorten the trial of an accessory, by relieving the State, after it has laid in evidence the record of the conviction of the principal, from the proof, in opening its case, of the essential fact that the principal committed the offense, and by throwing upon the defense the duty of going forward with evidence as to such element if it desires to controvert it, which situation would obviously seldom arise in practice. If the supposed accessory goes forward in his defense and offers any substantial evidence tending to prove that the principal did not in fact commit the offense, then the burden imposed on the State to prove every essential fact beyond a reasonable doubt comes into operation. Such a presumption is not evidence and has no probative value, and it only operates to throw upon the party against whom it works the duty of going forward with the evidence as to some element in the case. As Professor Thayer says, a presumption of law is imputing to a certain fact a prima facie significance or operation. The creation of such a presumption of law for convenience upon the trial of certain issues, is not the establishment of a rule of evidence as to the fact, thus acquiring a certain prima facie significance. *Vincent* v. *Mutual Reserve Fund Life Asso.*, 77 Conn. 281, 290, 58 Atl. 963; *State* v. *Lee*, 69 Conn. 186, 198, 37 Atl. 75; and Thayer's Preliminary Treatise on Evidence, p. 336 *et seq.*

It will be found stated in text-books and cases, that in the common-law prosecution of an accessory, as such, the record of the conviction of the principal is prima facie evidence of the guilt of the principal, that is, prima facie evidence that the crime was committed by the principal. The term "prima facie evidence" is a misleading term to apply to a presumption of law which has no probative force, and its use has led counsel, and sometimes courts, to deem the fact to

which the law has attached the significance of throwing upon the other party the duty of going forward with the evidence, as itself a piece of evidence of probative force tending to prove the element in the case as to which it has only the effect of a presumption of law as above set forth. The presumption of law attached to the record of the conviction of a principal, is claimed by the State to establish a rule of evidence to the effect that the conviction of a principal in a crime is evidence of the fact that the crime charged against the principal has been committed, and that the principal committed it, in a prosecution of a person claimed to have been an accessory to him whose conviction was had. This interpretation is not permissible in any jurisdiction where the doctrine as to presumptions of law and their effect, as defined by Professor James Bradley Thayer in his work above alluded to, is the law. The Connecticut cases above cited disclose that in this State the law as to the effect of a presumption of law accords with the doctrine as set forth by Professor Thayer.

It is interesting to turn to the crown cases reserved and decided by the assembled judges of England in 1832, and reported in 1 Moody's Crown Cases. The head-note to *Rex* v. *Turner*, on page 347, reads: "On an indictment against an accessory, a confession by the principal is not admissible in evidence to prove the guilt of the principal; . . . A conviction of the principal upon a plea of guilty will not be evidence against the accessory to prove the principal guilty. Nor. . . will a conviction on a plea of not guilty." *Ogden* v. *State*, 12 Wis. 532.

We are determining in this case whether a plea of guilty by one or more of several persons charged as principals in an information, is admissible in evidence against another so charged. Such an inquiry is to be

determined by the ordinary rules of evidence and not by presumptions induced by the allegations and proof essential in the old method of proceeding against one as accessory. In the improper admission of the fact that certain persons, jointly charged in the same information with the accused of the crimes in question, had pleaded guilty under that information, error harmful to the accused was committed. The fact that the accused subsequently admitted the fact that the crime of robbery with violence was committed as claimed, does not cure the harm done to him by the erroneous admission of this evidence, because the second count of the information, to which these men pleaded guilty, alleges that these men and the accused conspired and agreed together to commit the crime of robbery with violence. The proof of a plea of guilty was, therefore, in effect proof of a declaration by them that the accused had agreed with them to commit the crime with which he was charged in the first count. His subsequent admission that the crime of robbery by violence was committed by someone, is far from an admission that he and others agreed to commit the crime. The ninth reason of appeal was well taken. The fourth, fifth, sixth, seventh and eighth reasons of appeal, were not pursued in this court.

The tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth assignments of error, relate to claimed errors in the rulings of the court during the examination of Alberto Esposito, a witness for the State. The State claimed to have proved that a number of persons, among whom was the witness Esposito, had conspired to commit the crime of robbery with violence, and in pursuance thereof had committed that crime; and desiring to prove that the accused participated in those crimes, called the witness to show his acquaintance with the accused before the crimes

were committed. The witness denied that he then knew the accused. The State stated that the attitude of the witness surprised it, and asked permission to cross-examine him, and was permitted to do so. The accused claims that under the guise of refreshing the memory of the witness by leading questions, counsel for the State in effect asserted the existence of facts detrimental to the accused, and thus, in effect, improperly produced testimony against the accused. Whether a State Attorney shall be permitted to cross-examine his own witness, and to what extent, upon the ground of surprise, or that the witness is hostile, is ordinarily under our practice a matter resting in the sound discretion of the trial court. The essential question ordinarily is whether the court abused its discretion in allowing certain questions to be asked. *State* v. *Stevens*, 65 Conn. 93, 31 Atl. 496. An examination of the record, in regard to the cross-examination of Esposito by the State Attorney under the permission of the court, discloses that the trial court did not abuse its discretion in any ruling made. The assignments of error ten to sixteen inclusive are not well taken. The foregoing discussion indicates clearly that the seventeenth and eighteenth assignments of error are not tenable.

The defendant requested the court to charge the jury as follows, and claims error because the requests were not given in terms: 1. " If upon the careful review of the evidence that the truth of hypothesis may be assumed from the same state of facts which would tend to show the innocence of the accused, then it is the duty of the jury upon their oath to accept the hypothesis of innocence and render a verdict of acquittal." 2. "The evidence being such as to justify an inference of innocence as well as an inference of guilt, you should find the accused not guilty." 3. " In order to establish

the guilt of the accused beyond a reasonable doubt, the proof ought to exclude every reasonable presumption or hypothesis of innocence in the mind of every juror, and all the essential elements of the crime charged ought to be established beyond a reasonable doubt." The court charged the jury that the presumption of the innocence of the accused continues until "that presumption is overcome by evidence which establishes his guilt beyond a reasonable doubt; that evidence establishing his guilt beyond a reasonable doubt must establish every essential allegation of the information . . . beyond a reasonable doubt." The court further charged as follows: " ' In order to establish the guilt of an accused beyond a reasonable doubt, the proof ought to exclude every presumption or hypothesis of innocence in the mind of each juror, for proof beyond a reasonable doubt is such as excludes every reasonable hypothesis of innocence. And, further, all the essential elements of the crime charged, or of the crime involved in the crime charged, are to be established beyond a reasonable doubt.' " These assignments of error are therefore clearly without merit.

The remaining assignments of error are so obviously untenable as not to require discussion.

The State filed a bill of exceptions, claiming error in the charge the court made in the following terms: "I also say to you, gentlemen, that the crime of conspiracy—if you find this accused guilty of robbery or of robbery with violence as charged, or of robbery, or of theft from the person, or of theft, you needn't consider the crime of conspiracy at all, because that crime would be merged in the completed crime." In *State* v. *Setter*, 57 Conn. 461, 18 Atl. 782, the question of whether a conspiracy to commit a crime is merged in the crime, if it is committed in pursuance of the conspiracy, was examined at length, and the reasoning

of the court and the conclusion reached establishes the law in this State to the effect that such a merger does not occur. The exception of the State is well taken. There is error and a new trial is ordered.

In this opinion the other judges concurred.