### STATE OF CONNECTICUT *v.* VINCENT ESPOSITO

HOUSE, C. J., COTTER, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 11, 1973—decision released July 2, 1974

*Jeremy G. Zimmerman,* special public defender, for the appellant (defendant).

*Jerrold H. Barnett,* assistant state's attorney, with whom were *Ernest J. Diette, Jr.,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J.   The defendant, Vincent Esposito, was convicted in a jury trial of one count of indecent assault and of a second count of conspiracy to commit the crimes of rape, indecent assault, sodomy, robbery with violence and aggravated assault.  The defendant's motion to set aside the verdict was denied by the trial court and he has appealed from the judgment rendered thereon, assigning error in certain rulings on evidence.  This case was a companion case to *State* v. *Clemente,* ante, 501, and *State* v. *DellaCamera,* post, 557, both decided this day.

In the late evening of April 12 and the early morning hours of April 13, 1969, two young females and one young male, the complaining witnesses, were subjected to a series of sexual assaults by a group of males belonging to a motorcycle club known as the Slumlords.  Reference is made to *State* v. *Clemente,* supra, for more detailed facts.  Among those who allegedly forced one of the female complaining witnesses to commit an indecent assault and conspired with others that rape and aggravated assaults and indecent assaults be committed was the defendant Vincent Esposito.  During the trial the complaining witness identified this defendant and the three codefendants as her assailants.

The assignments of error directed to the finding have been reviewed and corrections have been made where necessary.[1]  The defendant has assigned as

---

[1] There is no merit to the defendant's argument that the court should have included in the defendant's claims of proof the fact that a state's exhibit for identification was never submitted as evidence. "Where a party seeks additions to its own claims of proof in a case tried to the jury, the additions should be made if they are material and are supported by the evidence." *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 149, 239 A.2d 493.  This paragraph of the draft finding was immaterial since the state never claimed that the exhibit was

error two rulings made by the court denying discovery motions under § 54-86b of the General Statutes.

On direct examination the complaining witness described the series of assaults perpetrated on her on the evening and early morning of April 12 and 13, 1969. She stated that there was sufficient illumination at that time for her to observe her attackers. She identified the defendant as one of the individuals who forced her to commit an indecent assault and described his appearance at that time. The witness had previously furnished the police with five statements relating to her direct testimony. The defendant requested these statements from the state's attorney as of right under § 54-86b. The court had previously made it abundantly clear that it would not recognize the statute. It had also previously stated to all counsel that it would examine any statement to determine if there were inconsistencies under the rule of such cases as *Hurley* v. *Connecticut,* 118 Conn. 276, 284, 172 A. 86. When counsel for the defendant requested these statements, the court stated: "I take it that you are also making the request through the Court by motion, Mr. Trotta, strictly and solely under Public Act 680 [General Statutes § 54-86b]." Counsel answered: "At this time, yes, your Honor." The record does not indicate any change of position on the demand nor is any other position claimed in the brief.

in evidence and there was no need for disproof of that fact in the finding. The state conceded in its brief that there was an error in a portion of one of its claims of proof as to the first date of testimony about the bandage on the defendant's hand. The necessary corrections have been made in the finding. The state also admitted that it erred in its claims of proof as to the subject covered in the testimony of three witnesses. The remaining assignments of error either are supported by the evidence in the appendix to the state's brief or are immaterial.

Officer William Andrews of the Wallingford police department testified that he observed a gathering of people around a bonfire off Tyler Mill Road at about 2 a.m. on April 13, 1969, and that he later filed a written report of his observations on that morning. Counsel for another defendant moved under § 54-86b that this report be produced for examination. The court denied the motion and counsel for the defendant Esposito joined in the exception to this ruling.

The court was not in error in refusing to be bound by § 54-86b and in holding that if counsel requested prior statements of witnesses on the stand, they were to follow the recognized procedures referred to. *State* v. *Clemente,* supra.

The defendant claims that the court erred in allowing the state to examine Thomas Palmer, its own witness, as a hostile witness. "Whether a State Attorney shall be permitted to cross-examine his own witness, and to what extent, upon the ground of surprise, or that the witness is hostile, is ordinarily under our practice a matter resting in the sound discretion of the trial court. The essential question . . . is whether the court abused its discretion in allowing certain questions to be asked." *State* v. *Gargano,* 99 Conn. 103, 113, 121 A. 657. A ruling on evidence must be tested by the finding. Practice Book § 648; *Katz* v. *Brandon,* 156 Conn. 521, 538, 245 A.2d 579. The finding discloses that Palmer was a member of the New Haven Slumlords and was called by the state as a witness. He testified that he had been at the bonfire until 10:15 or 10:30 p.m. on April 12, 1969, and thereafter was in a car drinking beer and smoking marijuana with fellow club members. The record indicates that after preliminary questions on direct examination the witness

was equivocal and evasive. On October 23, 1969, in the state's attorney's office, Palmer had given a statement which was written down and subsequently read back to him. He had acknowledged the statement to be true but had declined to sign it. During direct examination, the state's attorney was compelled to refer repeatedly to portions of Palmer's statement about identification of a photograph of the defendant and whether it accurately depicted the defendant's appearance as of April 12, 1969. After he also had established that Palmer and the defendant had known each other since approximately February of 1967, the state's attorney requested and received the court's permission to cross-examine Palmer on the dual basis of prior friendship and prior inconsistent statements. In this situation it was not an abuse of discretion for the trial court to declare Palmer a hostile witness and to allow cross-examination by the state. *Fox* v. *Schaeffer,* 131 Conn. 439, 447, 41 A.2d 46; *State* v. *Gargano,* supra; 58 Am. Jur., Witnesses, §§ 570, 571; 1 Jones, Evidence (6th Ed.) § 24.12; McCormick, Evidence (2d Ed.) § 6, p. 10.

The defendant's final assignment of error is that the court erred in not allowing him to demonstrate before the jury how his right hand was allegedly bandaged on the night of April 12, 1969. The defendant produced several witnesses besides himself who testified that a gauze bandage covered his right hand on or about April 12, 1969. While the descriptions varied in detail, testimony indicated that when the defendant arrived at the bonfire on the evening of April 12, the bandage was covered by a large "railroad glove" which reached to his elbow. The defendant testified that he wore an ace bandage around the gauze on his hand, under the

work glove. He further testified that while he was at the bonfire he had taken the glove off, and that earlier in the day while his hand was bandaged, he had changed the transmission on his motorcycle. Other testimony also indicated that the bandage was dirty. Neither the complaining witness who was forced by the defendant to commit an indecent assault nor the other female complaining witness noticed a bandage on the right hand of the defendant during the time of the assaults.

The court made two rulings on counsel's requests that the defendant be allowed to bandage his hand with gauze to demonstrate its appearance. In his reply brief, the defendant abandons the claim of error on the ruling disallowing the offered demonstration of bandaging the hand as it appeared on April 9, 1969, since that was three days before the episode in question, and was too far removed in time to be relevant. As to the second ruling, however, the defendant claims that his testimony established a proper foundation showing similarity of conditions and that the court erred in refusing to allow the defendant to bandage his hand as it appeared on April 12, 1969.

The bandaging of the hand had no probative value other than to serve as a visual aid to illustrate the defendant's testimony to the jury. Although the defendant did testify that he would "wrap" his hand as it appeared on April 12, 1969, there would be difficulties in duplicating both the size and the cleanliness of the original bandage. The offer involved using gauze that the defendant had purchased for the demonstration. Clean, white gauze on a hand would have a different appearance from the bandages which testimony had established were dirty and three days old, and which had been used in

working on the transmission and motor of a motor-cycle. The offered demonstration would naturally be more visible and more likely to attract attention than the bandages of April 12, especially under the darkened conditions existing at the time of the assaults.

The admission of demonstrations rests in the sound discretion of the trial court, in both criminal and civil cases, and this discretion will not be inter-fered with on appeal unless it is apparent that it has been abused. Although the basis of decision was not expressed by the court, the ruling could have relied upon the dissimilarity of appearance indi-cated by the record. "[T]he question of the simi-larity of conditions prevailing at the time of the . . . [demonstration] to those which prevailed at the time of the occurrence in question is one that lies within the sound discretion of the trial court, to be decided in the light of all the surrounding facts and circumstances." 29 Am. Jur. 2d 909, Evidence, § 818; *State* v. *Vennard,* 159 Conn. 385, 395–96, 270 A.2d 837, cert. denied, 400 U.S. 1001, 91 S. Ct. 576, 27 L. Ed. 2d 625; *King* v. *Spencer,* 115 Conn. 201, 203, 161 A. 103. The defendant had no absolute right to the demonstration evidence and no abuse of dis-cretion has been shown in the court's refusal to allow the demonstration.

In his brief, the defendant expressly abandoned the remaining assignments of error.

There is no error.

In this opinion HOUSE, C. J., and MACDONALD, J., concurred; COTTER and BOGDANSKI, Js., dissented.