[Argued October 30; decided November 13, 1894.]

| 26 | 309 |
| 29 | 95 |
| 29 | 386 |
| 26 | 309 |
| 32 | 67 |
| 26 | 309 |
| 42 | 287 |

## STATE v. BOWKER.

[38 Pac. 124.]

1. EVIDENCE — JOINT AND SEVERAL INDICTMENT.— Where two or more persons are jointly indicted for a crime which is in its nature several, each must be tried upon the evidence tending to show his guilt or innocence, without reference to the disposition of the case against his codefendant, and the conviction of one is not evidence against the other.

2. ABORTION — INSTRUCTIONS TO JURY — ASSUMING DISPUTED FACTS.— On a trial for manslaughter while committing abortion, an instruction which assumes as a fact the criminal intimacy of defendant and the deceased is reversible error, where such a relation is not admitted.

3. CONSTITUTIONAL RIGHT TO MEET WITNESSES — DEPOSITION — STATE CONSTITUTION, ARTICLE I, § 11.— The right secured to every defendant by article I, § 11 of the State Constitution "to meet the witnesses face to face," is satisfied when at some stage of proceedings he is confronted with the witness, and given an opportunity for cross-examination. It is not necessary always that the witness testify in the presence of the jury, but it may be by deposition, with the defendant's consent, as was the fact in this case.

APPEAL from Multnomah: M. G. MUNLY, Judge.

Charles A. Bowker, having been convicted of manslaughter by procuring an abortion to be performed on Helen H. Wilson, appeals.          REVERSED.

*Messrs. Edward Mendenhall*, and *John L. McGinn* (*Mr. E. J. Mendenhall* on the brief), for Appellant.

*Messrs. Geo. E. Chamberlain*, attorney-general, and *Wilson T. Hume*, district attorney, for the State.

Opinion by MR. CHIEF JUSTICE BEAN.

1. The defendant was jointly indicted with one Mrs. Vann for the crime of manslaughter, alleged to have been committed by means of a criminal abortion upon one Helen Wilson, from the effects of which she died. The defend-

ants demanded separate trials, and, Mrs. Vann having been first tried and convicted, her conviction was given in evidence by the state on the trial of the present defendant. Apprehending an unfavorable inference from this evidence, and desiring to avert any injurious consequence which might result to the defendant therefrom, his counsel requested the court to instruct the jury that "it does not follow that because the defendant Vann has been convicted of the crime charged, the defendant C. A. Bowker is guilty." This the court gave, with the following qualification: "But this fact may be taken into consideration with the other circumstances of the case." The giving of the instruction as thus modified is assigned by the defense as error. If we do not misapprehend the view of the trial court, as indicated by this instruction, it was of the opinion, and intended the jury should understand, that the conviction of Mrs. Vann was competent evidence tending to show defendant's guilt. This must have been what it meant, or the instruction requested by the defendant would not have been modified in the manner stated. The court evidently was of the opinion, and intended to instruct the jury, that while the guilt of the defendant did not follow as a necessary consequence from the conviction of his codefendant, yet they might properly consider such conviction along with the other evidence in the case as tending to show his guilt. In this the court was in grave error. Although jointly indicted, the crime with which the defendants were charged was in its nature several, and one of them could have been acquitted, and the other convicted. Competent and satisfactory evidence against one was not necessarily so as against the other; and no rule of law is better settled than that where two or more persons are jointly charged in the same indictment with the commission of a crime which is in its nature several, each must be tried upon the evidence legally tending to show his guilt or innocence,

without reference to the disposition of the case against his codefendant, and the confession or* conviction of one, either by plea of guilty or upon the testimony, cannot be used as criminating evidence against the other: Wharton on Criminal Evidence, § 699; *Klein* v. *People*, 31 N. Y. 229; *People* v. *McQuade*, 110 N. Y. 284, 1 L. R. A. 273, 18 N. E. 156; *State* v. *Weasel*, 30 La. Ann. 919; *Rufer* v. *State*, 25 Ohio St. 464; *People* v. *Stevens*, 47 Mich. 411, 11 N. W. 220; *Lyon* v. *State*, 22, Ga. 399.   Under any other rule the guilt of a defendant jointly indicted with another, if he should happen to be tried subsequent to his codefendant, might depend upon the result of a trial over which he had no control, to which he was not a party, and in which he had no right to appear or make a defense.   The district attorney argued that all the court meant by the instruction complained of was that the conviction of Mrs. Vann, who was a witness for the state, might be considered by the jury as evidence affecting her credibility.   But we are unable to so understand the language used; the court was not instructing the jury on the weight of the evidence, or the credibility of witnesses, at the time this instruction was given, but as to the effect of Mrs. Vann's conviction as an element in the case against the defendant; and the jury must have understood the instruction to authorize them to consider such conviction as evidence tending to show his guilt.   This, in our opinion, was error, for which the cause must be reversed.

2.   There being evidence on the trial from which the jury might properly find that the defendant and Miss Wilson had been criminally intimate, defendant's counsel requested the court to instruct the jury that "even if the jury find that the defendant C. A. Bowker had criminal intercourse with Helen Wilson, you cannot convict him of the charge in the indictment," which the court gave, adding thereto, however, "but the fact that the defendant

had criminal intercourse with the deceased is a fact to be taken into consideration, together with the other circumstances of the case, in determining the question of guilt." Upon the same matter the defendant's counsel also requested the court to instruct the jury that "even if the jury find beyond a reasonable doubt that before Helen Wilson went to Mrs. Vann's to have the alleged criminal operation performed, she and the defendant Bowker had sexual intercourse, but have a reasonable doubt as to whether the defendant sent or had Helen Wilson go there for that purpose, you must find the defendant not guilty." The court refused this instruction as asked, but gave it with this qualification: "But the circumstance that Helen Wilson and the defendant had sexual intercourse, as I stated before, is a question which you have a right to take into consideration, together with other testimony in the case, in making up your verdict." We are of the opinion that each of the instructions above referred to, as given by the trial court, is obnoxious to the objection made by defendant's counsel that they assume as a fact the criminal intimacy of the defendant and Helen Wilson. This was an important question in the case, and, while there was ample evidence from which the jury could have found such relation to have existed, it was not an admitted fact, and the question was therefore for the jury and not the court. Language of this kind, when used by a court before a jury in reference to a contested question of fact in the case, is always highly improper. "The jury, under our system," says STONE, J., "is the only tribunal which passes on controverted facts in courts of law; and until the verdict is rendered, no such fact is established, or shown to exist": *MeKenzie* v. *Branch Bank*, 28 Ala. 606, 65 Am. Dec. 369; Proffatt on Jury Trials, § 316; 2 Thompson on Trials, § 2295.

3. But in order to eliminate a disputed question likely

to present itself in a new trial, we will dispose of the alleged error based upon the overruling by the trial court of defendant's objection to the deposition of Mrs. Vann. The record discloses that on the hearing of an application by the defendant for the postponement of the trial, because of the absence of a witness, it appeared from the statement of the district attorney that Mrs. Vann, who was then seriously ill in the hospital, was about to undergo a surgical operation from the effects of which she might not recover, or be physically able to attend the trial if it should be postponed, and for this, among other reasons, he objected to a continuance. But the defendant expressly consenting in open court to the taking of Mrs. Vann's deposition, the case was postponed, under the provisions of section 1345 of Hill's Code, until a future day. The deposition of Mrs. Vann was subsequently taken in the presence of the defendant and his counsel, and on the trial offered in evidence by the state, she having died in the mean time. The objection of defendant to this deposition is based upon the contention that he had a constitutional right, which he could not waive, to meet the witnesses against him face to face on the trial, in the presence of the court and jury. The constitution of this state provides that in all criminal prosecutions the accused shall have the right "to meet the witnesses face to face": Article I, § 11. But this language does not require that in all cases he shall be confronted with the witnesses on a pending trial. The right secured by the constitution to the defendant is "to meet the witnesses face to face," and this requirement is satisfied when at some stage of the case against him in a proceeding authorized by law, he is confronted with the witness, and given an opportunity to cross-examine him. The defendant in this case did meet the witness face to face at the time her deposition was taken, and cross-examined her, so that there was no in-

fringement of the constitutional guaranty. Whether a defendant in a criminal prosecution can be required, without his consent, to submit to the taking of a deposition of a witness against him, it is not now necessary for us to consider, for no such question is presented by this record. But all the authorities agree that he may waive the right to be confronted with the witnesses on the trial, and some of the cases hold that he may waive this right altogether: 1 Bishop's Criminal Procedure, 1099; Cooley on Constitutional Limitation, *318; *Shular* v. *State*, 105 Ind. 298, 55 Am. Rep. 211, 4 N. E. 870; *People* v. *Penhollow*, 5 N. Y. Crim. Rep. 41; *Williams* v. *State*, 61 Wis. 292, 21 N. W. 56; *State* v. *Polson*, 29 Iowa, 133; *State* v. *Wagner*, 78 Mo. 644, 47 Am. Rep. 131. We are of the opinion, therefore, that there was no error in permitting the deposition of Mrs. Vann to be offered and used as evidence on the trial.

The instruction that to warrant a conviction upon circumstantial evidence the law does not require that the jury "should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt," has been criticised, and in some instances held reversible error: *Graves* v. *People*, 16 Colo. 170, 32 Pac. 63; *Clare* v. *People*, 9 Colo. 122, 10 Pac. 799; *Marion* v. *State*, 16 Neb. 349, 20 N. W. 289; *Leonard* v. *Territory*, 2 Wash. Ter. 381, 7 Pac. 872; 2 Thompson on Trials, § 2512 *et seq.* And so also with the instruction that a juror "is not at liberty to disbelieve as a juror what he believes as a man": *People* v. *Johnson*, 140 N. Y. 350; 35 N. E. 604; *Cross* v. *State*, 132 Ind. 65, 31 N. E. 473; *Siberry* v. *State*, 133 Ind. 677, 33 N. E. 681. We do not, however, deem it important or necessary at this time to pass upon the propriety or effect of these instructions, as error, if any, in either or both, can be avoided on another trial, which, from what has already appeared, must be ordered.

REVERSED.