Argued July 10, affirmed November 8, 1968

STATE OF OREGON, *Respondent, v.*
BLAINE NORMAN RIDDALL,
*Appellant.*
446 P. 2d 517

*Kenneth S. Solomon,* Portland, argued the cause for appellant. With him on the briefs were Solomon, Warren & Killeen, Portland.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and RODMAN, Justices.

McALLISTER, J.

The defendant, Blaine Riddall, appeals from his conviction of robbery and the resulting 15-year penitentiary sentence.

Defendant complains because the prosecutor advised the jury during his opening statement that defendant's brother and codefendant, Delbert Riddall, had pleaded guilty to the same charge and would testify for the state. Defendant assigns as error the denial of his motion for a mistrial and the failure of the court to give the jury any curative instructions.

The proof left no doubt about the pertinent facts. Defendant and his younger brother, Delbert, lived in or near Vancouver, Washington. During the afternoon of February 22, 1967, Delbert borrowed his girl friend's red Chevrolet and the two men, with Delbert driving, rode around Vancouver awhile and then crossed the river to Portland. At about seven o'clock, p.m., they drove to a Safeway store in north Portland and circled the store several times in a manner that attracted the attention of two girls in the vicinity who made a note of the car license number. Delbert then parked near the store and remained in the car with the motor running. The defendant entered the store, walked up to the manager, displayed an object under his belt and told the manager to put all the money in a shopping bag. The manager obeyed and the defendant left with the bag and ran to the parked car which then drove off. Defendant gave some of the money to Delbert and the pair returned to Vancouver. The two girls gave the police the license number of

the car and defendant and Delbert were soon apprehended and jointly indicted for robbery by fear, not being armed with a dangerous weapon. Defendant was identified by the manager and a customer in the store and was further incriminated by his fingerprints on a cigar box in which some of the money was taken from the store and later found where discarded by defendant.

During his opening statement the prosecutor told the jury that Delbert had pleaded guilty to the charge and would testify for the state. The defendant objected, and later moved for a mistrial. The court postponed its ruling, and then denied the motion with leave to renew after the codefendant, Delbert, had testified. The trial court decided that if Delbert took the stand, admitted his participation in the crime and implicated his brother, the prosecutor's statement would not be prejudicial. The motion was renewed after Delbert testified and the court then found that any prejudice caused by the prosecutor's statement had been rendered harmless by Delbert's testimony and denied the motion.

■ Defendant relies on the rule that the guilty plea or conviction of one person is not ordinarily admissible against another person charged with the same offense. The rule and the reason therefor are well stated in *State v. Bowker,* 26 Or 309, 310-311, 38 P 124 (1894) :

"* * * Although jointly indicted, the crime with which the defendants were charged was in its nature several, and one of them could have been acquitted, and the other convicted. Competent and satisfactory evidence against one was not necessarily so as against the other; and no rule of law is better settled than that where two or more persons are jointly charged in the same indictment

with the commission of a crime which is in its nature several, each must be tried upon the evidence legally tending to show his guilt or innocence, without reference to the disposition of the case against his codefendant, and the confession or conviction of one, either by plea of guilty or upon the testimony, cannot be used as criminating evidence against the other: (Citations omitted.) Under any other rule the guilt of a defendant jointly indicted with another, if he should happen to be tried subsequent to his codefendant, might depend upon the result of a trial over which he had no control, to which he was not a party, and in which he had no right to appear or make a defense. ✻ ✻ ✻""

See, also: *State v. Moore,* 32 Or 65, 48 P 468 (1897); *Lincoln v. State,* 191 Ind 426, 133 NE 351 (1921); *State v. Peters,* 82 RI 292, 107 A2d 428, 48 ALR2d 999 (1954); Annotations, 48 ALR2d 1004, 1016.

■ This case, however, presents an entirely different situation. Here Delbert took the witness stand, admitted his participation in the crime, and described to the jury in detail the leading role taken by his brother in robbing the store. Any prejudice resulting from the prosecutor's statement to the jury was rendered harmless when Delbert's guilt was established by his own testimony which also implicated his brother. The defendant was convicted by Delbert's testimony and the other overwhelming evidence of his guilt and not because the prosecutor mentioned that Delbert had pleaded guilty. This is not a close case where the jury might have been influenced by an improper remark by the prosecutor. The trial court did not abuse its discretion when it denied the motion for a mistrial.

The other assignments of error also lack merit. When the court finally ruled on the motion for a mis-

trial the defendant declined the offer by the court to give a curative instruction to the jury. In view of that election, the defendant is precluded from now arguing that the trial court should have told the jury, either when it ruled on the motion, or when it instructed the jury, to disregard the prosecutor's statement.

The judgment is affirmed.