Argued November 14, affirmed December 18, 1968

## STATE OF OREGON, *Respondent, v.*
## VIRGIL COLE, *Appellant.*

448 P. 2d 523

*Julian Herndon, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and MCALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

The defendant and two other men were indicted jointly and charged with the crime of conspiring to commit a felony. The other two co-conspirators pleaded guilty. The defendant pleaded not guilty, was tried by jury, and was convicted.

The defendant alleges that the trial court erred as follows:

> 1. In allowing the two co-conspirators, as state's witnesses, to testify that they had pleaded guilty to the charge.

2. In allowing the state to question one of the co-conspirators regarding the defendant's posting his bail.

3. In permitting the state to question the co-conspirators regarding their having the same counsel as did defendant.

4. In admitting evidence obtained by an unlawful search and seizure.

5. In admitting an unlawfully-obtained statement which was a prejudicial conclusion of a witness.

6. In prejudicially curtailing defendant's case.

The basic facts giving rise to the criminal charge were as follows: On the date alleged in the indictment, the two co-conspirators, the defendant, his wife, and a 15-year-old girl, who was once a girlfriend of one of the co-conspirators, were together at defendant's home. In early evening they went to a moorage and boarded defendant's boat. At about dusk they stopped at a point on the Columbia river slough where 200 cattle were pastured. The two co-conspirators went ashore carrying two boning knives, a hatchet, a keyhole saw and a .45 pistol. One of them was wearing rubber pants and boots. The two co-conspirators were arrested near the boat for trespassing and the items seized.

Defendant, his wife, and the girl were not then arrested. The two co-conspirators and the defendant were indicted and charged with conspiracy to commit the felony of stealing livestock. The defendant contends that he did not hear, or participate, in any conversations, or have any knowledge of any scheme, or plan, to attempt to commit the felony of stealing livestock.

■ The first assignment of error is directed to the following portion of the testimony upon direct exami-

nation of the two co-conspirators who were called as state's witnesses:

"Q Mr. Phillips, you're a co-defendant with Mr. Cole in this charge of conspiracy to commit cattle rustling, or stealing livestock?
"A Yes.
"Q And you have already pled guilty and been sentenced for the crime charged?
"A Yes.
"* * * * *

"Q Mr. Shipman, is it not a fact that you have entered a plea of guilty to the charge of conspiracy to commit cattle rustling?
"A Yes, I entered a plea.
"Q You have been sentenced on that plea?
"A Yes.
"Q Now, Mr. Shipman, that was a plea to the charge we have before us today?
"A Yes."

This court has held that where two or more persons are jointly charged with the commission of a crime, which in its nature is several, each must be tried without reference to the disposition of the case against the other, and a conviction of one, whether by a plea of guilty or by a verdict of guilty, cannot be used as criminating evidence against the other. *State v. Bowker,* 26 Or 309, 38 P 124 (1894).

We recently held in *State v. Riddall,* 251 Or 506, 446 P2d 517 (1968), that the district attorney's opening statement that one co-defendant had pleaded guilty was not ground for mistrial because any prejudice resulting from the statement to the jury was rendered harmless when the co-defendant's guilt was established by his own testimony which also implicated the defendant.

In *State v. Riddall,* supra, the plea of guilty of a co-defendant was put before the jury by the opening statement of the district attorney. In this case the pleas of guilty of the co-conspirators were put before the jury by them as witnesses for the state.

The question to be determined here is whether admitting the pleas of guilty of the co-conspirators was prejudicial to the defendant.

The state admits the validity of the rule of the *Bowker* case but contends that when a co-defendant testifies as a witness for the state, it is relevant to the issue of possible bias or interest of such state witness to show that he has pleaded guilty to the charge and has been sentenced.

This question of whether a plea of guilty by a co-defendant can be admitted for a purpose other than evidence of guilt of the defendant has been considered by other courts. In *State v. Pikul,* 150 Conn 195, 198-199, 187 A2d 442 (1962), the state called three co-defendants as state's witnesses and at the beginning of the testimony asked each whether he had pleaded guilty and each so testified. The state gave no reason for its offer of the evidence. The defendant objected on the ground that the evidence was immaterial, irrelevant, and prejudicial. The objection was overruled. On appeal the court said:

"* * * The fact that one or more persons jointly charged with the commission of a crime pleaded guilty is not admissible on the trial of another person so charged, to establish that the crime was committed. *State v. Gargano,* 99 Conn. 103, 107, 121 A. 657; *United States v. Toner,* 173 F.2d 140, 142 (3d Cir.); 2 Wharton, Criminal Evidence (12th Ed.) § 439. This is so because a plea of guilty is, in effect, merely a confession of guilt which, having been made by one of those charged with

the crime, can be no more than hearsay as to another who is so charged * * *.

"The trial court * * * instructing the jury that the testimony * * * regarding their pleas of guilty was for the purpose of establishing their status as witnesses for the state and was not to be considered by the jury as evidence that anybody else had committed the crime of conspiracy. * * * [T]he evidence was inadmissible even for the limited purpose mentioned by the court * * *. This is not to say, however, that evidence of a plea of guilty by one who was charged jointly with an accused and who is produced as a witness by the state would not be admissible if it was offered by the accused, or elicited by him on cross-examination, to attack the credibility of the witness; or that if such a witness was produced by the defense, the evidence would not be similarly admissible on an offer by the state. [Citing cases.] In the present case, to convict the defendant, the state first had to establish a conspiracy. The evidence in question, as it was offered and admitted, not only was improper but was highly prejudicial. The ruling was erroneous and harmful and necessitates a new trial * * *. 48 A.L.R.2d 1016, 1023."

The same court in a later case, *State v. Taylor*, 153 Conn 72, 214 A2d 362 (1965), held that it was proper for the court to take judicial notice of a guilty plea of a state's witness for the purpose of showing circumstances under which the witness agreed to cooperate with the police and not for the purpose of proving the guilt of defendant.

In *State v. Loveless*, 140 W Va 875, 87 SE2d 273 (1955), two of the state's witnesses testified about their sentence as principals in the alleged crime and their confinement in the penitentiary, and their version of the facts concerning the crime. The defendant, an accessory before the fact, urged as error the fact that

the principals were permitted to testify about their status as convicted criminals who were under sentence. The court held that it was not prejudicial error because their testimony concerned the circumstances surrounding the crime and the statements as to the punishment they received was supplemental. See also *State v. Fox,* 12 NJ Super 132, 79 A2d 76 (1951); *State v. Fiore,* 85 NJL 311 (Sup 1913), 88 A 1039.

In *Dye v. State,* 77 Ga App 517, 522, 48 SE2d 742 (1948), the court held that it was improper to permit the state's attorney to testify that three of four women accomplices pleaded guilty to the charge for which defendant was on trial. However, the court held that the testimony as to the plea of guilty by one of the accomplices was admissible because she was a witness against defendant. The court said:

"* * * Evidence of the conviction or a plea of guilty is admissible to show the guilt of the accomplice and thereby show the status or relationship of the parties and thus lay the foundation for determining the character of testimony against the defendant and whether or not corroboration thereof is required. The pleas of guilty of these women were not admissible against the defendant as confessions of guilt, because their confessions would not be binding upon this defendant. The pleas of guilty of Billie Johnson and Dorice Kitchens would not be admissible against this defendant for any purpose. However, the plea of guilty of Margaret Sanders is admissible for the purpose outlined * * *."

The federal courts also follow the rule that a guilty plea cannot be used as evidence against the remaining defendants. *Koolish v. United States,* 340 F2d 513 (8th Cir 1965).

The federal courts have uniformly held that it is not error, if proper cautionary instructions are given,

for the jury to be informed during trial that one or more defendants have pleaded guilty, or even for the jury to be present when the pleas are entered. *United States v. Crosby,* 294 F2d 928 (2d Cir 1961), cert. den., 368 US 984 (1962) ; *Mittelman v. United States,* 368 US 984, 82 S Ct 599, 7 L Ed 2d 523 (1962). See *United States v. Kelly,* 349 F2d 720 (2d Cir 1965) contra on jury being present when the plea is entered.

In *United States v. Aronson,* 319 F2d 48, 51, (2d Cir 1963) the court said:

"In practically every criminal prosecution, the government's principal witness or witnesses are drawn from the ranks of co-defendants, co-conspirators or participants in the allegedly unlawful enterprise. Often they have pleaded guilty before trial. And so here. * * * [A] defendant * * * was an important witness. He had direct dealing with Milton Aronson for the sale of Great Western stock. Therefore, if he pleaded guilty the jury might infer that Milton was also guilty. The prosecution called Kimball and, adhering to time-honored and approved practice, asked him if he had ever been convicted of a crime. 'Not to have done so would surely have subjected the prosecution to criticism.' Counsel on direct examination usually adopt the policy of bringing out such adverse facts as they know will be developed on cross-examination. Failure to disclose would then be characterized as an intent to conceal."

The cautionary instruction required in the federal courts is that the guilt or innocence of the defendant on trial must be based solely upon the evidence which has been presented and that the guilty plea cannot be used as evidence, or as any inference of guilt. *Wood v. United States,* 279 F2d 359 (8th Cir 1960).

It is apparent from the objected-to testimony that the pleas of guilty were not introduced as part of the

state's case to prove the guilt of the defendant. The question is was the testimony for another proper purpose, and, if so, was it so prejudicial to the defendant as to outweigh its probative value for the other purpose and therefore become inadmissible. The purpose of the co-conspirators' testimony was to give the facts and circumstances of the crime. The testimony as to their pleas of guilty gave the circumstances under which they were testifying, and their status with regard to the charge, and went to their credibility as witnesses for the state. The testimony of guilt was not again referred to in the remainder of the testimony nor in closing argument. We adhere to the principle of *State v. Riddall,* supra, and hold that the prejudice to the defendant, if any, was rendered harmless when the co-conspirators' guilt was established by their testimony which also implicated the defendant. This is consistent with the cases cited from other jurisdictions which all permit the evidence of a plea of guilty by a co-defendant if it is clearly not for the purpose of proving the guilt of the defendant and is for another proper purpose.

The defendant's second assignment of error arises out of the court's admitting testimony of a co-conspirator that defendant posted his bail.

The general rule is that acts of a co-conspirator, to be admissible, must have been done before the conspiracy terminated. *Fallen v. United States,* 220 F2d 946 (5th Cir 1955), cert. den. 350 US 924 (1955); *State v. Gardner,* 225 Or 376, 358 P2d 557 (1961).

The agreement to conspire may be proved by showing declarations, acts, and conduct of the conspirators. Since the proof of the agreement to conspire is most frequently circumstantial, it is relevant to show the relationship of the conspirators, both before and

after the conspiracy. *United States v. Armone,* 363 F2d 385, 403-404 (2d Cir 1966), cert. den. 385 US 957 (1966); *Williamson v. United States,* 310 F2d 192, 199 (9th Cir 1962); *Lutwak v. United States,* 344 US 604, 618, 73 S Ct 481, 97 L Ed 593 (1953); *State v. Ryan,* 47 Or 338, 344, 82 P 703 (1905).

■ Defendant argues that evidence of defendant's act of posting bail is inadmissible against the defendant under the rule that statements made by co-conspirators, after termination of the conspiracy, are hearsay. We are here concerned with an act, not a statement, of a co-conspirator. Acts of a co-conspirator relevant to the relationship, or acquaintance, of the conspirators must be distinguished from a statement, made after termination of the conspiracy, which is offered in proof of the assertion. See *Lutwak v. United States,* supra.

■ We hold that the act of posting bail by the defendant for a co-conspirator who is state's witness against him is relevant to their relationship as co-conspirators. The court did not err in admitting the testimony.

■ Defendant's third error is directed at the testimony of the two co-conspirators on re-direct examination that they had been represented by the same attorney as was representing defendant on trial. The testimony becomes relevant in view of the fact that in cross-examination of the co-conspirators by defendant's attorney, he attempted to elicit testimony from them that they were to be given preferential treatment if they testified against defendant.

During the questioning by defendant's counsel the following testimony was given by one of the co-conspirators:

"Q At the time you entered a guilty plea to

conspiring to steal this cow or steal a cow, was there an agreement that if you entered a plea to that charge other charges would be dismissed?

"A Well, he—you was there. You ought to know."

The fact of the common representation was elicited, perhaps inadvertently, by the defendant's attorney on cross-examination. It was proper for the state to inquire further on re-direct.

The court did not err in admitting the testimony.

■ The fourth error is directed to the court's denial of defendant's motion to suppress evidence seized from the co-conspirators. The pertinent facts are that the defendant remained on the boat which was adrift near the scene of the alleged crime. The co-conspirators emerged from a nearby woods. One of them was carrying the hatchet in a raised position. The deputy sheriff ordered them to stop. They ignored the order and continued to approach the deputy sheriff and the tenant of the land. The tenant struck one of the co-conspirators with the butt of a rifle. The area was posted against trespassing as provided in ORS 164.460. The deputy sheriff told the co-conspirators they were under arrest and seized the hatchet, saw, two boning knives, and a cocked .45.

We find the arrest lawful for the trespass which occurred in the presence of the officer. The officer was entitled to search incident to that arrest for any weapons which might imperil him. The search was substantially simultaneous to the arrest. *State v. McCoy*, 249 Or 160, 437 P2d 734 (1968); *State v. Elk*, 249 Or 614, 439 P2d 1011 (1968); *State v. Hoover*, 219 Or 288, 347 P2d 69 (1959).

The court did not err in denying the motion to suppress.

 The fifth assignment of error is based upon the use of a statement of a 15-year-old girl witness to impeach her. On cross-examination, the state's attorney asked the girl whether it was true that prior to trial she told a detective that the defendant knew all of what was going to happen on the night in question. She answered that she did not make the statement. No objection was made by defendant. The detective was then recalled by the state as a rebuttal witness and was permitted over objection by defendant to answer that she did make the statement. The girl, at the time of making the statement, was being held in protective custody in juvenile detention and had not been given a *Miranda*-type warning. The court instructed the jury that the testimony was to be considered by them for impeachment purposes only.

There is no evidence of traditional threat-or-promise or inherent coercion. The testimony is that the girl was held for several days in juvenile detention and was being questioned by detectives in the presence of a counselor. The evidence establishes that the detectives were conducting an investigation. There is no evidence which would establish that the investigation ceased to be generalized and had focused on this particular girl. Therefore, there was no need here for the detectives to advise the girl of her constitutional rights.

We hold that the statement was properly admitted for impeachment purposes with the cautionary instruction that it was not to be used as evidence against the defendant.

The sixth assignment of error alleges that the court severely hindered the defense in refusing to allow it to call certain witnesses, in refusing to let it

introduce certain evidence, and in restricting defense counsel and causing him to cut short his examination of the defendant.

The case was submitted to the jury after lunch on the fourth day. The defense rested on Friday. When court reconvened on Monday, defendant moved to reopen his case. The court refused further testimony that the defendant frequently picnicked in the area as cumulative. It permitted introduction of certified copies of the pleas of not guilty of the two co-conspirators. It permitted testimony of expert witnesses that the implements seized were inadequate for butchering purposes.

The order of proof and leave to reopen is within the sound discretion of the trial court and will not be disturbed on appeal except for abuse. ORS 17.215. *State v. Isenhart,* 32 Or 170, 173, 52 P 569 (1898). We find no abuse.

Affirmed.