Argued October 27, affirmed November 23, petition for rehearing denied December 22, 1970, petition for review denied February 23, 1971

STATE OF OREGON, *Respondent,*
*v.* DAVID LEE BRAWLEY,
*Appellant.*
Nos. 29043 and 29044
476 P2d 942

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief, were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant was twice indicted for illegal possession of narcotics (ORS 474.020), one offense allegedly committed on February 3, 1969, the other on February 4. Each charged possession of marihuana. The two cases were consolidated for trial. He was convicted of both. Upon this appeal defendant asserts as his sole assignment of error the failure of the court to grant his motion for judgment of acquittal.

After the case had been submitted to the jury and it had retired to begin its deliberations, court and counsel repaired to chambers for the taking of exceptions to the instructions. When these had been concluded, the following occurred:

"THE COURT: Okay. Are there any further exceptions, then?

"MR. ALLEN: No, and I presume this would be a proper time to move for an acquittal by and for the reason of the lack of evidence.

"THE COURT: It should have been made before the arguments."

The matter had not been previously alluded to at any time during the trial.

ORS 136.605, adopted in 1957, provides:

"In any criminal action the defendant may, before the presentation of evidence in his defense,

move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same crime. If the court denies the motion, the defendant may thereafter present evidence in his defense."

The Supreme Court in *State v. Cartwright*, 246 Or 120, 418 P2d 822 (1966), cert den 386 US 937, 87 S Ct 961, 17 L Ed 2d 810 (1967), speaking through Mr. Justice LUSK, stated:

"Defendant moved for a directed verdict of acquittal on several grounds. Before discussing them we deem it advisable to comment on the fact that the motion was not made until after the court had instructed the jury and counsel for the defendant was taking his exceptions. We do not approve of this practice. The motion should be made at the conclusion of all the testimony and prior to the argument of counsel. It may also be made under ORS 136.605 before presentation of evidence in defense without waiving the right to introduce evidence in defense and also without waiving the right to move for a judgment of acquittal at the conclusion of all the testimony. There may be a serious question as to whether the defendant's right to move for a judgment of acquittal is not waived by postponing the making of the motion until after the charge of the court. * * *" 246 Or at 133-34.

The Oregon Criminal Law Handbook, Motions During Trial § 11.12 (1969), states:

"A motion for judgment of acquittal should be made promptly when the state rests. * * *"

In *State v. Ruggiero*, 93 R I 241, 174 A2d 555 (1961), the Supreme Court of Rhode Island, in considering the problem, stated:

"Such a motion, like a motion to direct a verdict of acquittal, raises the question whether

there is sufficient evidence in the record to support a verdict of guilty by the jury. The established practice in this state has been to raise such issue after both sides have rested but before the case is given to the jury. Under that practice a defendant obtains speedier justice if the motion to direct is decided in his favor, because it then becomes unnecessary to submit the case to the jury for their determination. \* \* \*" 93 R I at 248.

Procedures are established not only to enable litigation to be conducted in an orderly manner, but to assure that the trial court is afforded a reasonable opportunity at an appropriate time to consider and to decide matters brought to its attention by the litigants.

■ It is clear that the trial court has the discretionary authority in a criminal case to allow under appropriate circumstances a party to reopen his case prior to argument. In *State v. Eppers*, 138 Or 340, 3 P2d 989, 6 P2d 1086 (1931), the court said at 346:

"After a denial of the motion to acquit the defendant, the prosecution moved to reopen the case in order that the State might adduce additional evidence of venue of the case. The defendant's objection was overruled by the court. Under the circumstances disclosed by the record, it was not error for the court to reopen the case for the purpose stated. The discretion vested in the court by law was not abused. \* \* \*"

In *State v. Cole*, 252 Or 146, 448 P2d 523 (1968), the court said at 159:

"The order of proof and leave to reopen is within the sound discretion of the trial court and will not be disturbed on appeal except for abuse. \* \* \*"

See also *State v. Spicer,* 3 Or App 120, 473 P2d 147 (1970).

■ Defendant does not contend here that the trial court abused its discretion in not ruling upon his motion for judgment of acquittal. He assumes rather that such failure should be considered by us to be a denial. We do not assume that a trial court has failed to act in a situation where it has no duty to act. We think it is not unreasonable in the absence of unusual circumstances to require that customary, clearly established procedures be adhered to, and that reasonable compliance with them may be a prerequisite to the establishment of the right sought to be asserted. No unusual circumstances are revealed by this record.

The judgment is affirmed.