Argued November 2, affirmed November 19, 1973

# STATE OF OREGON, *Respondent, v.* BRADLEY EDWARD ANDERSON (No. 72-4354), *Appellant.*

515 P2d 1336

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant was convicted by jury of robbery in the second degree, ORS 164.405, and sentenced to two years' imprisonment. He appeals.

There was evidence that three persons, the defendant, a juvenile and another man, entered the home of Raymond Greco, ostensibly as friends. Shortly after their arrival defendant told the three persons in the Greco house that he had a gun and "[t]his is a rip-off." He required Greco and the two young men who were living with him to lie on the floor and throw their wallets in the middle of the floor. There was evidence that all three of the visitors participated to some degree in the robbery and that approximately $210 in money from the wallets, a watch and nine or ten ounces of marihuana were taken.

Defendant's sole assignment of error is the refusal of the trial court to grant a motion for a mistrial. The juvenile who participated in the crime with defendant testified for the state. In identifying himself at the commencement of his testimony he stated that he was "presently" residing at "McLaren" and that he had been committed there as a result of juvenile court action that arose out of the robbery which is the subject of the case at bar. The defendant then moved for a mistrial on the basis that "* * * the jury is then advised that there has been * * * an independent determination by a finder of fact that [the juvenile] committed some offense in connection with this." The court denied the motion. The juvenile testified in detail about the participation of defendant, himself and the third participant in the robbery; how they planned it in advance and then executed their plan by defendant's pretending to have a gun and ordering

the victims to lie on the floor and throw in their wallets. The juvenile testified that he, the juvenile, then extracted the money from the wallets. The victims were tied up with speaker cords.

Besides the juvenile, two other persons testified as to the facts of the robbery which involved the defendant as principal. By his own testimony the defendant placed himself in the victim Greco's home at the time in question and acknowledged participating in the taking of the marihuana. He denied making any threats or being aware of the taking of any money or other thing. The evidence of his guilt was strong. Even the defendant admits in his brief:

"* * * The accused grants that a good deal of evidence was introduced in an attempt to incriminate him in the crime. * * *"

*State v. Bowker*, 26 Or 309, 311, 38 P 124 (1894), holds that where two persons are charged with the same offense, evidence that one of them pleaded guilty or was convicted "cannot be used as criminating evidence against the other."

We need not decide whether the juvenile's statement that he was in MacLaren School for Boys on account of armed robbery is a "conviction" within the meaning of *State v. Bowker*, supra. *State v. Riddall*, 251 Or 506, 446 P2d 517 (1968), recognizes the rule of *Bowker*, but holds that where information of a co-defendant's plea of guilty has been furnished to the jury, subsequent testimony of such co-defendant that he did in fact participate with defendant in the crime renders harmless any prejudice arising from mention of the co-defendant's having pleaded guilty. Here the juvenile, after taking the witness stand, admitted his participation in the crime and described to the jury

the leading role taken by the defendant in committing the robbery. Assuming *arguendo* that the juvenile testified of a "conviction," this is not a case where the jury was asked to convict because a co-defendant had pleaded guilty, as in *Bowker,* but rather a case like *Riddall* where there was independent evidence of his guilt. We conclude that there was no abuse of discretion in the trial court's denial of the motion for mistrial.

Affirmed.