UNITED STATES, Appellee,

v.

John HICKS, Jr., Private First Class,
U.S. Army, Appellant.

No. 30,401.

U. S. Court of Military Appeals.

April 16, 1976.

*Captain Robert H. Herring, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Major Richard J. Goddard,* and *Captain Albert T. Berry.*

*Captain Nancy Battaglia* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr., Captain Raymond Michael Ripple, Captain Gary F. Thorne,* and *Captain Richard A. Gallivan.*

## OPINION OF THE COURT

COOK, Judge:

At the accused's trial by general court-martial for conspiracy to rob and robbery, the person named as co-conspirator and joint participant in the several robberies charged was allowed to testify, on direct examination as a Government witness, that he had pleaded guilty to the same offenses with which the accused was charged. The question presented on this appeal is whether the trial judge committed error prejudicial to the accused by failing to instruct the court members as to the limited purpose for which the testimony was admitted.

Government counsel concede that paragraph 140*b*, Manual for Courts-Martial, United States, 1969 (Rev), prohibits the admission of evidence "that an accomplice of the accused . . . pleaded guilty to . . . an offense arising out of the same circumstances" as evidence "tending to prove that the offense charged was committed or that the accused participated in it." However, they contend that the testimony in issue was not admitted as evidence of the accused's guilt but to show the witness' "status in relation to the appellant, including the fact that . . . [he] might have some reason for wanting revenge upon the accused." *State v. Cole,* 252 Or. 146, 448 P.2d 253 (1968), is cited in support of the contention. Assuming the Government's argument is meritorious, this Court, after reviewing differences of judicial opinion on the subject, concluded that the "better rule is that . . . [an instruction on the limited purpose for which evidence is admitted] is a necessary concomitant of such evidence." *United States v. Bryant,* 12 U.S.C. M.A. 111, 115, 30 C.M.R. 111, 115 (1961). *See also United States v. McClain,* 142 U.S. App.D.C. 213, 440 F.2d 241 (1971).

It may be true, as Government counsel maintain, that the judge, trial counsel, and defense counsel "all knew quite well that testimony regarding . . . [the witness'] plea of guilty *did not* go to prove" that the accused participated in the offense, but the problem is that the record gives no reasonable assurance the court members also knew of the rule, and understood that they could not consider the matter for purposes other than that for which the Government contends it was admitted. *United*

*States v. Bell,* 19 U.S.C.M.A. 167, 171, 41 C.M.R. 167, 171 (1969). Further, we are not as confident as Government counsel are that the witness' declarations that he pleaded guilty to the conspiracy with the accused and to the joint commission of the robberies charged against the accused played no significant part in the court's verdict. *United States v. Gay,* 133 U.S.App.D.C. 337, 410 F.2d 1036 (1969).

The decision of the United States Army Court of Military Review is reversed, and the findings of guilty and sentence are set aside. A rehearing may be ordered.

Senior Judge FERGUSON concurs.

Chief Judge FLETCHER concurs in the result.