Argued and submitted September 16, 1981, affirmed April 12, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT CONRAD WOLFE,
*Appellant.*

(No. 10-80-07433, CA A20892)

643 P2d 404

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted of the rape of his twelve-year-old stepdaughter. ORS 163.375. He appeals the admission of hearsay statements and the denial of his motions for mistrial and for judgment of acquittal.

The victim lived with her mother and defendant, who was her stepfather. She testified that defendant called her into his bedroom in the morning, removed her nightgown and had sexual intercourse with her. She stated that defendant's erect penis penetrated her vagina. Rachel Clark, a friend of the victim, was staying with her on the night of the offense. She testified that the next morning defendant called the victim into his bedroom. The victim returned a few seconds later and told Rachael: "He wants to stick it in me and then let me go do the dishes." She stated that the victim then returned to the defendant's bedroom. Rachel testified that as she was going toward the bathroom a short time later she looked through the open door of defendant's bedroom, and the victim was lying naked on the bed with her legs spread out and the defendant on top of her. At trial, a police officer testified that he had interviewed defendant. He stated that defendant had admitted he had rubbed his erect penis against the victim's vagina but had denied that there had been any penetration. The victim was examined by a physician, who testified that her hymen was intact. He stated that the victim's description of the intercourse was not borne out by his examination, but that penetration of one and one-half inches was not inconsistent with his medical findings. The central issue at trial was whether there was penetration sufficient to establish rape in the first degree under ORS 163.375. The factual determination of that issue depended in large measure on the credibility of the victim's testimony. Defendant did not testify.

■ ■ Defendant's first assignment is that the court erred in admitting the testimony of two witnesses who testified that the victim had told them that defendant had had sexual intercourse with her. Defendant argues that the narrow exception to the hearsay rule which allows a witness to testify that the victim told the witness she was sexually assaulted is limited to the fact that such report

was made. The witness, he contends, is not allowed to testify as to details of the assault or identify the assailant. Defendant is correct in his statement of the exception and its limitations. *See State v. Baker,* 46 Or App 79, 610 P2d 840 (1980). However, admission of the testimony was not error in this case.

Prior to the testimony objected to, defendant's counsel cross-examined the victim and asked her about statements she had made to the two witnesses. He asked:

"* * * Okay. I don't want to know what you told these people, but how many people did you tell that your dad had had sexual intercourse with you?"

The victim testified she made such a report to the two witnesses. Defendant's counsel then asked her:

"Okay. You don't remember telling Michelle Coontz [one of the witnesses] not that your father had sexual intercourse with you, but that your father had made some passes at you?"

The victim said she was not sure if she had made that statement to the witness but that, if she had, it would not have been the truth.

Defendant's cross-examination of the victim put before the jury evidence that the victim had told the two witnesses that defendant had had sexual intercourse with her. Thus, the information defendant objected to was already before the jury. In addition, the cross-examination suggested that the victim had told one of the witnesses something different. The defendant, having opened the inquiry, cannot complain that the state then put on evidence about what the victim actually told the witness.

■ Defendant next contends that it was error to admit the testimony of Rachel Clark about what the victim had said after coming from defendant's bedroom. He contends that the statement was hearsay and prejudicial, because it would tend to bolster the victim's credibility. The state argues that the testimony was not offered for the truth of what the victim said, but to show her state of mind as she returned to defendant's bedroom.

We conclude that, if the statement was inadmissible hearsay, its admission was harmless error. The statement indicated that the reason the victim was returning to

defendant's bedroom was for some type of sexual contact. That that was the reason defendant wanted the victim in his bedroom was not an issue at trial. Defendant had admitted to the police that he called the victim in and had sexual contact. Rachel Clark witnessed the sexual activity. The essential factual issue was whether the victim correctly testified that penetration had occurred during the sexual activity. Coincidentally, the statement attributed to the victim may have played a part in the jury's determination as to the victim's credibility, but the victim testified and was extensively cross-examined about the whole event including what she had told Rachel.

Defendant next contends that the court erred in denying his motion for mistrial made in response to a question by the prosecutor during direct examination of the victim:

"* * * Was there ever an occasion when [the defendant] wanted to do something of a sexual nature with you * * * and you didn't want to and he told you something about someone else * * *."

Defendant objected, and the question was not answered. The court then instructed the prosecutor in chambers not to pursue the inquiry. Defendant contends the question suggested to the jury that defendant was involved in some other sexual activity. He contends that this is impermissible and prejudicial evidence of prior bad acts.

■ ■ A ruling denying a motion for mistrial is reviewed for abuse of discretion. *State v. Larsen,* 44 Or App 643, 606 P2d 1159, *rev den* 289 Or 373 (1980). The trial court concluded that the question was vague and ambiguous and was unlikely to have induced an improper inference in the minds of the jurors. We concur. The court did not abuse its discretion in denying the motion.

■ Defendant's final contention is that the court erred in denying his motion for judgment of acquittal. He argues that there was not sufficient evidence of penetration to sustain a conviction for rape in the first degree and requests that we remand with instructions to enter a judgment and sentence on the lesser included offense of sexual abuse. His principal argument is that the testimony of the victim on direct and cross-examination was equivocal and

fraught with inconsistencies and that her statement that penetration had occurred was inconsistent with the medical evidence. In ruling on a motion for judgment of acquittal, the court is required to view the evidence most favorably to the state and to resolve all conflicts and questions of credibility in the state's favor. The victim testified that there was penetration. The doctor did not rule out penetration of one to one and one-half inches. Any penetration is sufficient to sustain the charge of rape. ORS 163.305(7). If the jury believed the testimony of the victim, there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt. The weight of the evidence and the credibility of the witnesses was for the jury to determine.

Affirmed.