Argued and submitted July 24, affirmed October 2, reconsideration denied November 22, petition for review denied December 17, 1985 (300 Or 451)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN AARON CAULDER,
*Appellant.*

(151,261; CA A34902)

706 P2d 1007

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for sexual abuse in the first degree. ORS 163.425. We affirm.

The issue presented by defendant's first assignment of error is whether the discovery statutes require the district attorney to disclose that a witness will be testifying as an expert. Several weeks before trial the district attorney gave defense counsel the name and address of a Children's Services Division worker whom he intended to call as a witness. Defense counsel informed the district attorney that he would introduce evidence of prior inconsistent statements of the victim. On the day of trial, defense counsel learned that the district attorney intended to call the CSD worker as an expert on child sexual abuse to testify, as permitted by *State v. Middleton,* 294 Or 427, 657 P2d 1215 (1983), that victims of such abuse commonly make inconsistent statements. He then moved for a continuance on the ground that the district attorney had violated the discovery statues by not informing him that the CSD worker would be testifying as an expert. He argued that he was not prepared to cross-examine her and that he did not have time to find his own expert to rebut her testimony. Defendant assigns error to the denial of that motion.

ORS 135.815 provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"* * * * *

"(3) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons which the district attorney intends to offer in evidence at the trial.

"* * * * *"

There is no question that the district attorney provided

defense counsel with the CSD worker's name and address well before trial. From the record, it appears that no relevant reports, statements or memoranda existed in this case, and defendant asserts no discovery violation in that regard.

■ ■     The district attorney complied with ORS 135.815. The statute does not require the disclosure of the capacity in which a witness will testify nor the content of the testimony. It is incumbent upon defense counsel to investigate those matters after the district attorney has provided the information required by statute. No discovery violation occurred in this case. The trial court did not err in denying the motion.

■     Defendant's second assignment is that the trial court erred in finding the CSD worker qualified to testify as an expert. The determination of whether a witness is qualified to testify as an expert is within the discretion of the trial court and will not be overturned except for an abuse of discretion. *Myers v. Cessna Aircraft,* 275 Or 501, 553 P2d 355 (1976); *Denny v. Warren,* 239 Or 401, 398 P2d 123 (1964); *State v. Moore,* 72 Or App 454, 695 P2d 985, *rev den* 299 Or 154 (1985). The CSD worker had ample experience and education in the field of child sexual abuse and had often testified as an expert. The trial court did not err in allowing her to testify as an expert.

■     The final assignment of error concerns the rebuttal testimony of the witness. The victim is the ten-year-old daughter of defendant's fiancee. During cross-examination of the CSD worker, defense counsel asked whether she agreed that not all ten-year-olds tell the truth all the time. She said that she agreed. On redirect examination, the prosecutor asked her whether, although not all ten-year-olds tell the truth all the time, they are likely to be telling the truth when reporting sexual abuse. She answered that they were "highly likely to be telling the truth when they report sexual contact with an adult." Defendant argues that the trial court erred in denying his motion to strike that testimony, because it is inadmissible under *State v. Middleton, supra.*

We need not decide whether the testimony was within the confines of *Middleton.* Defense counsel's cross-examination raised the issue of the veracity of ten-year-olds. "Having opened the door, defendant cannot be heard to

complain because the prosecution stepped through." *State v. Barger,* 43 Or App 659, 664, 603 P2d 1240 (1979).

Affirmed.