Argued and submitted January 30, remanded with instructions; otherwise affirmed
September 13, 1989

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY R. CLARK,
*Appellant.*

(CF87-100, CF87-99; CA A44292 (Control), A44443)
(Cases Consolidated)

779 P2d 215

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for possession of a controlled substance and two convictions for delivery of a controlled substance. ORS 475.992(1)(b); ORS 475.992(4). The cases are consolidated on appeal but were tried separately. In case number 87-99, defendant was convicted of delivery and possession of a controlled substance. In case number 87-100, he was convicted of delivery of a controlled substance.

■■ In his first assignment of error, defendant contends that, in case number 87-99, the trial court erred in not merging his conviction for possession of a controlled substance with his conviction for delivery of the substance. The state concedes that those convictions should merge, but argues that we should not consider the argument, because defendant did not raise it at trial. We will not consider merger questions not raised in the trial court, unless there is egregious error. If the question raised is not a close one, there is egregious error. *State v. McNamer,* 80 Or App 418, 722 P2d 51 (1986). Here, there is no question but that, when possession is incidental to the commission of the delivery offense, the possession conviction merges into the delivery conviction. *State v. Finn,* 79 Or App 439, 719 P2d 898 (1986). Accordingly, defendant's conviction for possession of a controlled substance is vacated.[1]

Defendant's second assignment is that the trial court erred in case number 87-100 in allowing him to be cross-examined regarding the conviction of Arnold, a codefendant, and in taking judicial notice of Arnold's conviction. The state attempted to introduce Arnold's conviction in its case-in-chief. The trial court did not permit that, holding that, although relevant, the conviction was more prejudicial than probative. However, the court warned defendant not to open the door to the information, because it could then come in as rebuttal evidence. Defendant later took the stand and testified that Arnold did not participate in procuring the controlled

---

[1] It is not completely clear from the record that the court entered convictions for both possession and delivery of a controlled substance. If a conviction for possession was not entered, on remand there will be nothing to vacate.

substance and was not present that night. On cross-examination, the state asked defendant if he was aware that Arnold had been tried and convicted for delivery of a controlled substance as part of the same incident.[2] After defendant admitted that that was so, the court took judicial notice of Arnold's conviction.

■ ■ A codefendant's conviction resulting from the same transaction generally may not be introduced as substantive evidence of a defendant's guilt. *State v. Cole,* 252 Or 146, 448 P2d 523 (1968); *State v. Bowker,* 26 Or 309, 38 P 124 (1894); *State v. Anderson,* 15 Or App 397, 515 P2d 1336 (1973), *rev den* (1974). However, the conviction here was not offered as substantive evidence of defendant's guilt, but rather to contradict a fact asserted by defendant. Defendant in his direct testimony raised the issue of Arnold's participation in the crime and thereby opened the door to the state's introduction of contradictory evidence. *State v. Caulder,* 75 Or App 457, 706 P2d 1007, *rev den* 300 Or 451 (1985); *State v. Wolfe,* 56 Or App 795, 643 P2d 404 (1982). The fact that Arnold was convicted for delivery of a controlled substance in the same incident for which defendant was being tried contradicted his assertion that Arnold was not involved. Because defendant opened the door, the trial court properly permitted him to be cross-examined regarding it and properly took judicial notice of the conviction.[3]

---

[2]
"Q Mr. Clark, are you aware that Mr. Arnold has already been tried for the delivery alleged in this case?

"[DEFENDANT'S COUNSEL]: Objection, Your Honor.

"THE COURT: Overruled. You may inquire.

"A Yes, I was. He was on trial the same day my last court date was.

"Q You are aware he was actually convicted for that? It has been determined he did in fact deliver cocaine that night.

"A That happens. Sometimes innocent people get convicted.

"Q You're aware that did happen?

"A Yes."

[3] Defendant also argues that the trial court erred in its instruction to the jury that it had taken judicial notice of the conviction. The trial court told the jury of the conviction and that it should consider the conviction an established fact. In view of our conclusion that the information concerning that conviction was properly admitted, that was not error.

Remanded with instructions to vacate conviction for possession of a controlled substance in case number 87-99; otherwise affirmed.